J-S77006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE LUIS TORRES | |
| Appellant | No. 2550 EDA 2013 |

Appeal from the PCRA Order Entered August 7, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0005138-2007

BEFORE:  STABILE, JENKINS, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED FEBRUARY 09, 2015**

Appellant, Jose Louis Torres, appeals from the August 7, 2013 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Counsel has filed an application to withdraw and no merit letter in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).  We affirm the order and grant counsel's application to withdraw.

This prosecution arose from a January 5, 2007 incident in which the victim arrived at his apartment to find an armed intruder later identified as Appellant.  A struggle ensued, during which Appellant fired two shots but did

---

[*] Retired Senior Judge assigned to the Superior Court.

not injure the victim. Appellant was seventeen years old at the time of the burglary. Based on the severity of the charges, which included attempted murder and aggravated assault, the prosecution commenced in the court of common pleas criminal division rather than in juvenile court. In the midst of a July 14, 2009 jury trial, Appellant elected to plead guilty to aggravated assault, four counts of burglary, and one count of persons not to possess a firearm.[1] After a colloquy, the trial court accepted Appellant's plea and imposed an aggregate 5½ to 11 years of incarceration.

Appellant did not file a direct appeal. He filed a timely *pro se* PCRA petition on July 12, 2010. The petition alleged, among other things, that counsel was ineffective for failing to seek decertification from criminal to juvenile court pursuant to 42 Pa.C.S.A. § 6322. On February 28, 2011, the PCRA court filed its Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. The PCRA court denied the petition on July 1, 2011. Appellant filed a timely appeal from that order.

On February 7, 2012, this Court issued a memorandum affirming in part and reversing and remanding in part. **Commonwealth v. Torres**, 60 A.3d 846 (Pa. Super. 2012) (unpublished memorandum). The panel

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 3502(a)(1) and (2), 6105. While giving a statement to police concerning the January 5, 2007 burglary, Appellant admitted his participation in three additional burglaries. For this reason, Appellant was facing charges of burglary with a person present (§ 3502(a)(1)) and without a person present (§ 3502(a)(2)).

rejected all but one of Appellant's arguments, that being his assertion that counsel was ineffective for failing to seek a transfer from criminal to juvenile court. Based on the record, the panel was unable to ascertain whether counsel had a reasonable strategic basis for failing to request decertification. *Id.* at 11. The panel remanded for a hearing limited to that issue. *Id.*

The remand hearing occurred on August 7, 2013. At the hearing, Appellant's counsel introduced the report of Dr. Steven Mechanick.[2] In his report, Dr. Mechanick opined that Appellant would not have been amenable to rehabilitation in the juvenile justice system. Dr. Mechanick's report noted, among other things, Appellant's age at the time of his arrest, and his extensive history of juvenile delinquency. N.T. Hearing, 8/7/13, at 5. The Commonwealth introduced evidence of Appellant's history, which included adjudications of delinquency for simple assault and aggravated assault, as well as a firearms charge that was pending at the time of Appellant's arrest in the instant matter. At the conclusion of the hearing, the trial court issued the order on appeal.[3]

---

[2] By order of December 12, 2012, the PCRA court authorized appointment of an expert witness to assess Appellant's amenability to treatment.

[3] Counsel initially proceeded under **Anders v. California**, 386 U.S. 738 (1967). In an August 1, 2014 order, this Court returned counsel's brief and directed him to follow the **Turner/Finley** procedure applicable to collateral review. This explains the delay between the trial court's August 7, 2013 final order and our decision.

We first assess counsel's compliance with the dictates of *Turner*/*Finley*.

> Counsel petitioning to withdraw from PCRA representation must proceed ... under [*Turner*/*Finley* and] . . . must review the case zealously. *Turner*/*Finley* counsel must then submit a 'no-merit' letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the 'no merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> [W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of *Turner*/*Finley*, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012). Our review of counsel's application and no merit letter indicate that he has complied with the technicalities of *Turner*/*Finley*. As such, we must conduct our own review of the merits of the case.

On review of an order denying a PCRA petition, we determine whether the record supports the PCRA court's findings and whether the court's decision is free of legal error. *Commonwealth v. Fletcher*, 986 A.2d 759, 774 (Pa. 2009). Here, Appellant asserts counsel's ineffectiveness for failing to seek decertification from the court of common pleas criminal division to

juvenile court. To obtain relief on that claim, Appellant must plead and prove:

> (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. Where the petitioner fails to plead or meet any elements of the above-cited test, his claim must fail.
>
> A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.
>
> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Stewart*, 84 A.3d 701, 706-707 (Pa. Super. 2013) (internal citations and quotation marks omitted).

Our prior panel remanded because it was unable to ascertain whether counsel had a reasonable strategic basis for not seeking decertification to juvenile court. Section 6302 of the Juvenile Act excludes attempted murder and aggravated assault from the definition of delinquent act where, as in this case, a deadly weapon was used. 42 Pa.C.S.A. § 6302, "Delinquent Act" (2)(ii)(C) and (2)(iii)(I). Pursuant to § 6322 of the Juvenile Act, a prosecution for an offense excluded from the definition of a juvenile act

commences in the court of common pleas criminal division rather than in juvenile court. 42 Pa.C.S.A. 6322(a). Section 6322(a) provides, however, that such a prosecution can be transferred from criminal court to juvenile court in some circumstances:

> In determining whether to transfer a case charging murder or any of the offenses excluded from the definition of 'delinquent act' in section 6302, the child shall be required to establish by a preponderance of the evidence that the transfer will serve the public interest. In determining whether the child has so established that the transfer will serve the public interest, the court shall consider the factors contained in section 6355(a)(4)(iii) (relating to transfer to criminal proceedings).

42 Pa.C.S.A. § 6322(a).

In turn, § 6355(a)(4)(iii) lists the following relevant considerations:

    (A)    the impact of the offense on the victim or victims;

    (B)    the impact of the offense on the community;

    (C)    the threat to the safety of the public or any individual posed by the child;

    (D)    the nature and circumstances of the offense allegedly committed by the child;

    (E)    the degree of the child's culpability;

    (F)    the adequacy and duration of dispositional alternatives available under this chapter and in the adult criminal justice system; and

    (G)    whether the child is amenable to treatment, supervision or rehabilitation as a juvenile by considering the following factors:

        (I) age;

        (II) mental capacity;

        (III) maturity;

(IV) the degree of criminal sophistication exhibited by the child;

(V) previous records, if any;

(VI) the nature and extent of any prior delinquent history, including the success or failure of any previous attempts by the juvenile court to rehabilitate the child;

(VII) whether the child can be rehabilitated prior to the expiration of the juvenile court jurisdiction;

(VIII) probation or institutional reports, if any;

(IX) any other relevant factors[.]

42 Pa.C.S.A. § 6355(a)(4)(iii)(A-G). Thus, had Appellant's counsel filed a decertification petition, Appellant would have borne the burden of proving by a preponderance of the evidence that these factors weigh in favor of decertification.

We observe that trial courts have broad discretion in determining whether to grant decertification, and this Court will not reverse the trial court's decision absent a "gross abuse of discretion." *Commonwealth v. Ruffin*, 10 A.3d 336, 338 (Pa. Super. 2010).

> Although the Juvenile Act requires that a decertification court consider all of the amenability factors, it is silent as to the weight that should be assessed to each factor. The ultimate decision of whether to certify a minor to stand trial as an adult is within the sole discretion of a decertification court. A decertification court must consider all the facts set forth in § 6355 of the Juvenile Act, but it need not address, seriatim, the applicability and importance of each factor and fact in reaching its final determination.

*Id.* While the law requires consideration of all of the § 6355(a)(4)(iii) factors, the trial court need not address each factor expressly. *Id.* "The presumption in this Commonwealth remains that if a court has facts in its possession, it will apply them." *Commonwealth v. Jackson*, 722 A.2d 1030, 1034 (Pa. 1999). "When evaluating the propriety of a certification decision, absent evidence to the contrary, a reviewing court must presume that the juvenile court carefully considered the entire record." *Id.* In *Ruffin*, this Court affirmed the trial court's denial of the defendant's request for decertification. We did so largely based on the defendant's lengthy history in the juvenile system and testimony that he was not amenable to rehabilitation. *Ruffin*, 10 A.3d at 339-40.

Based on considerations similar to those expressed in *Ruffin*, the PCRA court found that a decertification petition would have been unsuccessful. Thus, the court reasoned that a reasonable basis existed for counsel's[4] choice not to seek decertification, and that counsel's decision did not prejudice Appellant. We agree.

While the record of the remand hearing evinces minimal consideration of § 6355(a)(4)(iii)(A-F), *Jackson* teaches that a detailed, on-the-record analysis of each subsection is unnecessary. The facts relevant to A through F are largely discernible from Appellant's guilty plea and sentencing. We

---

[4] We note that neither party called Appellant's trial counsel to be a witness at the remand hearing.

must presume, pursuant to *Jackson*, that the PCRA court was aware of them and that the trial judge would have been aware of them.

Prior to the remand hearing, however, the record was silent on subsection G, concerning Appellant's amenability to rehabilitation. To alleviate that problem, Appellant's PCRA counsel procured an expert report on Appellant's prospects for rehabilitation. As we have explained, that report turned out to be unfavorable to Appellant. Based on the expert's report, as well as the other evidence of record, the PCRA court concluded a petition to decertify would have been unsuccessful. Since the PCRA court's findings are supported in the record and we discern no legal error in the court's dismissal of Appellant's petition, we affirm.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2015