J-S61018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERRELL DEVANTE FISHER | |
| Appellant | No. 590 MDA 2015 |

Appeal from the PCRA Order of March 24, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No.: CP-36-CR-0003907-2013

BEFORE: PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.: **FILED DECEMBER 11, 2015**

Terrell Devante Fisher appeals the March 24, 2015 order dismissing his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. Appointed appellate counsel for Fisher, R. Russell Pugh, Esq., has filed with this Court a **_Turner_/_Finley_**[1] brief and a petition to withdraw as counsel. Because we agree with Attorney Pugh that Fisher has no meritorious issues to pursue via the PCRA, we grant his petition to withdraw as counsel, and we affirm the PCRA court's order.

The PCRA court has provided the following account of this case's factual and procedural histories:

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **_See Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988); **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa. Super. 1988) (_en banc_).

[Fisher] was charged . . . with one count of Possession with Intent to Deliver Cocaine, 35 P.S. § 780-113(a)(30); one count of Criminal Conspiracy, 18 Pa.C.S. § 903; one count of Firearms Not to be Carried Without a License, 18 Pa.C.S. § 6106(a)(1); and one count of Possession of Firearm Prohibited, 18 Pa.C.S. § 6105(a)(1). On December 19, 2013, [Fisher] entered a negotiated guilty plea to the two firearms charges. Pursuant to the plea agreement, [Fisher] was sentenced by the [trial court] to an aggregate sentence of 3½ to 7 years in a state correctional institution. No direct appeal was filed. [Fisher] filed a *pro se* PCRA petition on June 11, 2014[,] and the [trial court] appointed [Attorney Pugh to represent Fisher]. A counseled petition was filed on August 18, 2014, alleging trial counsel was ineffective for failing to file a direct appeal on behalf of [Fisher].

An evidentiary hearing was held on January 15, 2015. At the hearing, the defense presented two witnesses: Attorney Samuel Encarnacion, who represented [Fisher] at his guilty plea, and [Fisher]. Attorney Encarnacion testified that the agreement for the plea offer of 3½ to 7 years' incarceration had been reached at the preliminary hearing, where [Fisher] would take responsibility for the gun and his co-defendant would take responsibility for the drugs. Attorney Encarnacion also testified that, initially, the Commonwealth was insisting on a sentence of 5 years or more because at the time, the 5[-]year mandatory [sentence] for drugs with a firearm still applied. He also testified that these charges gave rise to a probation violation, but because of the negotiated plea, the sentence for the probation violation would be run concurrent[ly], as would the sentences for the two firearm charges. Attorney Encarnacion testified that he reviewed discovery with [Fisher] on at least three occasions and that [Fisher] was a very engaged client who asked a lot of questions. He also testified that the guilty plea was originally scheduled at an earlier date in front of another [j]udge at the Common Pleas Court, but the plea was rescheduled to give [Fisher] more time to review discovery and be certain that he wanted to enter the negotiated guilty plea. He testified that he completed a guilty plea colloquy with [Fisher] and reviewed the sentencing guidelines worksheet. Finally, he testified that he reviewed [Fisher's] post-sentencing rights and procedures and that [Fisher] never indicated to him that he wished to pursue an appeal.

[Fisher] testified both that Attorney Encarnacion never visited him and that Attorney Encarnacion visited him on the day before

his guilty plea. He testified that he rescheduled the first plea because he was only 19 and did not understand what was happening, nor did he feel he was being advised properly. He testified that he signed the guilty plea colloquy form and that he understood he had a right to appeal within 30 days. He testified that after the guilty plea, Attorney Encarnacion did not visit him in prison, so he never told his attorney he wanted to appeal. He also testified that he never wrote Attorney Encarnacion a letter or sent him a request slip from prison. On cross-examination, [Fisher] testified that he was actually 20 at the time of the guilty plea. He testified that he had actually been in court previously: in 2008, he was charged in juvenile court and in 2011, he was charged in juvenile court with Felony 1 burglary, which resulted in the charges being transferred to adult court. Both times [Fisher] had a defense attorney and went through the whole court procedure; [Fisher] was also on probation between 2011 and 2013 and pled guilty to another charge in December 2012, which resulted in another time [Fisher] had an attorney and went through the court process. [Fisher] testified that he never discussed with his attorney that [Fisher] would take ownership of the guns and his co-defendant would take ownership of the drugs. He testified that [Attorney Encarnacion] told him the Commonwealth's offer was for 3½ to 7 years of incarceration, but told [Attorney Encarnacion] that was too much time. He testified that prior to entering the guilty plea, he told his attorney he wanted to appeal. [Fisher] testified that at the guilty plea proceeding, the [trial court] explained that [Fisher] would be receiving a sentence of 3½ to 7 years in prison; he testified that he understood the sentence, that he understood his appellate rights, that he signed the guilty plea colloquy, and that he agreed to the facts of his case.

PCRA Court Opinion ("P.C.O."), 3/24/2015, at 1-3 (statutory citations inserted; record citations omitted).

Following the hearing, the PCRA court denied Fisher's petition. In so doing, the PCRA court acknowledged that a defendant has an absolute right to the filing of a direct appeal when he requests that his attorney do so, and that an attorney who does not fulfill such a request may be found ineffective

for that omission. However, the court underscored the necessity of establishing that the request was, in fact, made by the defendant in the first instance. After receiving Fisher's and Attorney Encarnacion's testimony, the PCRA court concluded that Fisher had never asked his attorney to file an appeal. Consequently, counsel could not be ineffective for failing to do so. *Id.* at 4-5. Thus, the PCRA court entered an opinion and order on March 24, 2015 denying Fisher's petition.

Fisher filed the instant timely notice of appeal on March 30, 2015. That same day, the PCRA court directed Fisher to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Fisher timely complied on April 10, 2015. The PCRA court then evidently filed a Rule 1925(a) opinion on April 13, 2015, ripening this case for appeal.[2]

Attorney Pugh identifies only one issue that Fisher seeks to raise before this Court: "Whether the [PCRA] court erred when it denied post-conviction relief on [Fisher's] claim that he requested a direct appeal from [Attorney Encarnacion] or was prevented from requesting a direct appeal by counsel's unavailability, and no appeal was filed." Brief for Fisher at 2.

---

[2]   We say evidently because while there is an April 13, 2015 docket entry for a Rule 1925(a) opinion, no such opinion appears in the certified record. That being said, the PCRA court's March 24, 2015 opinion and order explained at length why Fisher's petition was unavailing, and no issues not addressed in that opinion are contained in the ***Turner/Finley*** brief. Thus, we have an adequate account of the PCRA court's reasoning to enable us to dispose of this appeal.

On August 20, 2015, Fisher filed a *pro se* response to Attorney Pugh's ***Turner***/***Finley*** brief.[3]  Therein, he asserts that Attorney Pugh acted improperly in filing a ***Turner***/***Finley*** brief rather than an advocate's brief, allegedly because "the evidence presented in Exhibits A & B [*i.e.*, prison visit reports indicating that Attorney Encarnacion visited Fisher the day before Fisher's guilty plea and the day of his guilty plea] verify [Fisher's] claims that counsel did not consult extensively [*sic*] with his client prior to the sentencing hearing." *Pro Se* Supplemental Brief at 5.  He also asserts that the United States Supreme Court's decision in ***Alleyne v. United States***, 133 S.Ct. 2151 (U.S. 2013), which issued before the imposition of his judgment of sentence, rendered his putatively mandatory sentence illegal. Thus, he asserts, at least by implication, that counsel was ineffective for allowing such a sentence to be imposed.

Before we may address the potential merit of Fisher's appeal, we first must consider whether Attorney Pugh has complied with the procedural requirements that our courts have established in order for appointed counsel to withdraw pursuant to ***Turner*** and ***Finley***.

> Counsel petitioning to withdraw from PCRA representation must . . . review the case zealously.  ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues [that]

---

[3]   Fisher timely filed this document following this Court's July 23, 2015 order granting his request for an extension to file that response.

- 5 -

petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

\* \* \* \*

Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner**/**Finley**, the court—[PCRA] court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (quoting

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007); **Doty**'s

textual modifications omitted).

In his brief, Attorney Pugh sets forth the issue of which Fisher seeks review. **See** Brief for Fisher at 2. He also has set forth a brief history of Fisher's case that is perhaps not as complete as we might prefer, but which we find sufficient to enable our review of the lone issue proposed. *Id.* at 3-4. Attorney Pugh has reviewed the law applicable to the proposed claim, *id.* at 4-5; he has filed a petition for leave to withdraw as counsel; and he has explained why he believes that Fisher has no meritorious issues to pursue on appeal. *Id.* Attached to Attorney Pugh's petition to withdraw is a copy of the letter he sent to Fisher, which advised him of Attorney Pugh's intent to seek to withdraw as counsel and apprised Fisher of his right to retain new counsel or to proceed *pro se*. As well, Attorney Pugh provided

Fisher with a copy of the **Turner**/**Finley** brief that he filed in this Court. Consequently, Attorney Pugh has complied with **Turner** and **Finley's** technical requirements.

Before granting counsel's motion to withdraw, however, we also must conduct our own independent review of the record to determine whether any meritorious issues may require an advocate's brief on Fisher's behalf. The two issues identified above—*i.e.*, that raised by Pugh on Fisher's behalf and that raised by Fisher, himself, *pro se*—implicate ineffective assistance of counsel ("IAC") with regard to Attorney Encarnacion.

> [I]n order to obtain relief based on [an IAC] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

**Commonwealth v. Reed**, 971 A.2d 1216, 1221 (Pa. 2005) (citing **Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987)). The petitioner bears the burden of proving all three prongs of this test. **Commonwealth v. Meadows**, 787 A.2d 312, 319-20 (Pa. 2001).

Our Supreme Court has held as follows:

> [W]here there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9[,] of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9, and constitutes prejudice for purposes of [PCRA subsection] 9543(a)(2)(ii). Therefore, in such circumstances, and where the remaining

requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.

*Commonwealth v. Lantzy*, 736 A.2d 564, 572 (Pa. 1999). Thus, the questions we face are (a) whether Fisher requested that Attorney Encarnacion file a direct appeal and (b) whether Attorney Encarnacion failed to do so without justification.

Attorney Pugh opines that this issue lacks merit. Specifically, he notes that the PCRA court found incredible Fisher's claims that he requested such an appeal. The PCRA court favored Attorney Encarnacion's account that Fisher never asked Attorney Encarnacion to file an appeal. Our standard of review under these circumstances allows us only to determine whether the findings of the PCRA court are supported by the record and free of legal error. *Commonwealth v. Ligons*, 971 A.2d 1125, 1136-37 (Pa. 2009). The PCRA court made a factual determination regarding the critical question whether Fisher requested a direct appeal, and it did so based upon its assessment of the relative credibility of Fisher and Attorney Encarnacion, both of whose testimony the court received. Thus, there is no question that the record supported the PCRA court's conclusion in this regard. We may not supplant our judgment for that of the PCRA court. Attorney Pugh therefore is correct that this issue lacks merit; given our standard of review, such an argument would have no chance of success.

That leaves us with Fisher's *pro se* contention that Attorney Encarnacion was ineffective for failing to challenge the legality of Fisher's

sentence under *Alleyne* at or after Fisher's sentencing. His argument depends upon the proposition that he was sentenced to a mandatory term of imprisonment pursuant to 18 Pa.C.S. § 7508, which, until this Court held that it was unconstitutional in *Commonwealth v. Mosley*, 114 A.3d 1072 (Pa. Super. 2015), prescribed mandatory sentences for certain drug-trafficking-related convictions. However, Fisher's sentence was not imposed pursuant to any statute imposing a mandatory minimum sentence of any kind. Indeed, because the Commonwealth *nolle prossed* the drug-related charge as well as the related conspiracy count, section 7508 could not have applied to Fisher's case, because he did not plead guilty to any of the predicate offenses specified in that section. Accordingly, this issue lacks merit, and Attorney Encarnacion could not have been ineffective for failing to raise it. Similarly, Attorney Pugh would have had no valid reason to pursue this claim on appeal.

We have carefully reviewed the entire record in this case. Not only do the above two issues lack merit, but we discern no other potentially meritorious issues that could be raised on appeal.[4] Accordingly, we agree

---

[4] The learned concurrence asserts that we may not independently review the record to confirm an absence of meritorious issues other than those identified by the petitioner in his *pro se* PCRA petition or by counsel in an amended petition. Among other things, the concurrence notes distinctions between the quality of one's right to counsel on direct appeal and in the context of collateral review. Our Supreme Court has made clear that in either context the defendant is entitled to constitutionally effective representation. *See Commonwealth v. Haag*, 809 A.2d 271, 283
*(Footnote Continued Next Page)*

with Attorney Pugh that no meritorious issues are available to Fisher on appeal.[5]

Fisher's June 11, 2015 *pro se* application for relief denied. Order affirmed. Petition to Withdraw as Counsel granted.

Judge Panella joins the memorandum.

Judge Strassburger files a concurring memorandum.

_____
*(Footnote Continued)*

(Pa. 2002) ("Pursuant to our procedural rules, not only does a PCRA petitioner have the 'right' to counsel, but also he or she has the 'right' to effective assistance of counsel."). However, if we rely solely upon the untrained petitioner's own review of his record, or take as given that PCRA counsel has adequately discharged his duties without independently verifying it, we cannot ensure that counsel has done so. The concurrence acknowledges that we are not barred from independently reviewing the record to discern any non-waivable issues such as challenges to the legality of sentence and any jurisdictional defects that may arise. While it is true that these are non-waivable, which distinguishes them from other issues that may be raised in the PCRA context, to blindly trust that an attorney has correctly determined that there are no meritorious issues that may be waived undermines the very function of appointing counsel as a matter of course for first-time PCRA petitioners. If it is within our ambit to determine independently whether counsel has properly assessed the merit of issues that petitioner or he has identified for consideration, then it defies reason to suggest that we are barred from independently satisfying ourselves that counsel has properly assessed the record in its entirety. Absent the prerogative to do so, we cannot fully protect the petitioner's statutory right to effective assistance of PCRA counsel.

[5] Fisher's June 11, 2015 application for relief, wherein he sought leave to proceed *pro se*, is outstanding. As explained, *supra*, a PCRA petitioner is entitled as a matter of course to proceed *pro se* following receipt of a **Turner**/**Finley** brief. Moreover, Fisher ultimately filed a *pro se* brief. Accordingly, we will deny Fisher's petition for relief seeking leave to do so as moot.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/11/2015</u>