J-S01020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

                Appellee

                v.

VINCENT CAMPBELL

                Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1012 EDA 2015

Appeal from the PCRA Order March 12, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001329-2001
CP-15-CR-0001401-2001
CP-15-CR-0001616-2001

BEFORE:  GANTMAN, P.J., MUNDY, J., and MUSMANNO, J.

JUDGMENT ORDER BY MUNDY, J.:        **FILED JANUARY 20, 2016**

Appellant, Vincent Campbell, appeals from the March 12, 2015 order, dismissing, as untimely, his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On September 25, 2001, Appellant pled guilty to one count each of driving under the influence of alcohol, aggravated assault, flight to avoid apprehension, and resisting arrest.[1]  That same day, the trial court imposed an aggregate sentence of six to twelve years' imprisonment.  Appellant filed a timely post-sentence motion, which the trial court denied on November 9,

_____

[1] 75 Pa.C.S.A. § 3731(a)(4)(i); 18 Pa.C.S.A. §§ 2702(a)(1), 5126(a), and 5104 respectively.

2001. Because Appellant did not file an appeal from his sentence, it became final on December 10, 2001.[2] ***See generally*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.Crim.P. 720(A)(2)(a). Thereafter, Appellant filed his first PCRA petition, and the PCRA court dismissed it as untimely on February 19, 2013. This Court affirmed the dismissal on November 13, 2013. ***Commonwealth v. Campbell***, 91 A.3d 1282 (Pa. Super. 2013). Appellant did not file a petition for allowance of appeal with our Supreme Court.

Appellant filed a second PCRA petition, and the PCRA court dismissed it on July 7, 2014. This Court affirmed the dismissal on February 3, 2015. ***Commonwealth v. Campbell***, 120 A.3d 367 (Pa. Super. 2015). Appellant filed a petition for reargument on February 13, 2015, which we denied on April 1, 2015. Appellant did not file a petition for allowance of appeal with our Supreme Court. However, Appellant filed the present PCRA petition, his third, on February 17, 2015, which was during the pendency of his appeal from the order denying his second PCRA petition.[3] "[W]hen an appellant's

---

[2] We note that the 30th day following the trial court's decision fell on Sunday, December 9, 2001. As such, the last day Appellant could have filed a notice of appeal was Monday, December 10, 2001. ***See*** 1 Pa.C.S.A. § 1908 (providing that when the last day of a calculated period of time falls on a Saturday or Sunday, such days shall be omitted from the computation).

[3] We note that even though Appellant captioned his third petition as a writ for *habeas corpus*, the issues raised therein are cognizable under the PCRA. ***See*** 42 Pa.C.S.A. §§ 9542-9543. Accordingly, Appellant is not entitled to *habeas corpus* relief. ***See id.*** § 9542; ***Commonwealth v. Turner***, 80 A.3d 754, 770 (Pa. 2013) (stating that because Appellant's "claim[] [was]
*(Footnote Continued Next Page)*

PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000). On February 13, 2015, Appellant filed his petition for reargument from this Court's February 3, 2015 decision affirming the dismissal of his second PCRA. Thus, on February 17, 2015, at the time Appellant filed his third PCRA petition, Appellant's petition for reargument regarding his second PCRA petition was still pending with this Court. Accordingly, the third PCRA petition was premature under **Lark**, and the PCRA court lacked jurisdiction to act on it. **See** Pa.R.A.P. 2572 (stating that the pendency of an application for reargument stays remand until 30 days after the entry of a final order); **Id.** at 2591 (providing that the trial court regains jurisdiction upon remand). Therefore, the PCRA court correctly determined that it could not address the merits of Appellant's third PCRA petition.[4]

_(Footnote Continued)_ ───────────────

cognizable under the PCRA … the writ of _habeas corpus_ was not available[]"). Therefore, the PCRA court properly treated Appellant's petition as a PCRA petition.

[4] In its 1925(a) opinion, the PCRA court acknowledged that "pursuant to Pa.R.A.P. 1701(a), [it] did not have the authority, and should not have acted on [Appellant's] February 17, 2015 [PCRA] petition." PCRA Court Opinion, 5/19/15, at 2. The PCRA court then gave its reasons for dismissing Appellant's petition as untimely. To the extent that our analysis differs from
_(Footnote Continued Next Page)_

Accordingly, we affirm the March 12, 2015 order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2016

_(Footnote Continued)_ ————————

the PCRA court's, we note that we may affirm the PCRA court on any legal basis supported by the record. ***Commonwealth v. Doty***, 48 A.3d 451, 456 (Pa. Super. 2012).