J-S15019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MAURICIO JOSE BEDOLLA CAMACHO, | |
| Appellant | No. 672 EDA 2015 |

Appeal from the PCRA Order of February 9, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002109-2008

BEFORE:  BENDER, P.J.E., OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 11, 2016**

Appellant, Mauricio Jose Bedolla Camacho, appeals *pro se* from the order entered on February 9, 2015 dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546.  After careful consideration, we vacate and remand.

The factual background and procedural history of this case are as follows.  On April 27, 2008, Appellant strangled his ex-girlfriend, Daicy Vazquez-Bedolla, to death.  On May 1, 2009, Appellant confessed to the crime.  On July 12, 2011, Appellant was found guilty of first-degree murder[1] and possessing an instrument of crime.[2]  On September 22, 2011, he was sentenced to an aggregate term of life imprisonment without the possibility

---

[1] 18 Pa.C.S.A. § 2502(a).

[2] 18 Pa.C.S.A. § 907(a).

* Retired Senior Judge assigned to the Superior Court

of parole. This Court affirmed in part and vacated in part the judgment of sentence and our Supreme Court denied allowance of appeal. *Commonwealth v. Bedolla Camacho*, 60 A.3d 864 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 72 A.3d 600 (Pa. 2013).[3] After resentencing, Appellant once again appealed and this Court affirmed the judgment of sentence. *Commonwealth v. Bedolla Camacho*, 87 A.3d 894 (Pa. Super. 2013) (unpublished memorandum).

On January 27, 2014, Appellant filed a *pro se* PCRA petition. On March 6, 2014, counsel was appointed. On August 1, 2014, counsel filed a petition to withdraw with an accompanying letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Thereafter, Appellant filed a response to counsel's petition to withdraw. On January 15, 2015, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing. *See* Pa.R.Crim.P. 907. On February 9, 2015, Appellant filed a response to the Rule 907 notice. That same day, the PCRA court dismissed Appellant's PCRA petition and granted counsel's petition to withdraw. This timely appeal followed.[4]

---

[3] This Court vacated the restitution portion of the judgment of sentence on procedural grounds.

[4] On March 11, 2015, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). On March 31, 2015, Appellant filed his concise
*(Footnote Continued Next Page)*

Appellant presents four issues for our review:

[1. Did PCRA counsel and the PCRA court fail to comply with **Turner/Finley**?

2. Did trial counsel render ineffective assistance of counsel when they[5] failed to object to the jury having a written copy of the jury instructions?

3. Did trial counsel render ineffective assistance of counsel when they failed to object to the Commonwealth's presentation of surprise evidence?

4. Did trial counsel render ineffective assistance of counsel when they failed to object to prior bad acts evidence?]

**See** Appellant's Brief at iv.

In his first issue, Appellant claims that PCRA counsel and the PCRA court failed to comply with the mandates of **Turner/Finley**. Specifically, he argues that PCRA counsel failed to discuss one issue raised in his *pro se* PCRA petition and that the PCRA court failed to consider his response to the Rule 907 notice. Whether PCRA counsel and the PCRA court complied with **Turner/Finley** is a question of law; therefore, our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Rykard**, 55 A.3d 1177, 1183-1184 (Pa. Super. 2012).

Counsel seeking to withdraw in PCRA proceedings

must review the case zealously. [ C]ounsel must then submit a "no-merit" letter to the trial court . . . detailing the nature and extent of counsel's diligent review of the case, listing the issues

*(Footnote Continued)* ——————————————

statement. On July 2, 2015, the PCRA court issued its Rule 1925(a) opinion. All issues raised on appeal were included in Appellant's concise statement.
[5] Appellant was represented at trial by two attorneys.

> which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of ***Turner/Finley***, the court . . . must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012) (internal alteration, ellipses, and citation omitted).

Appellant argues that PCRA counsel's ***Turner/Finley*** letter was inadequate because it failed to address one of the claims originally raised in Appellant's *pro se* petition, *i.e.*, trial counsel's failure to call an expert witness in support of his heat of passion defense. We agree. In his PCRA petition, Appellant requested that PCRA counsel investigate and pursue an ineffectiveness claim based on trial counsel's failure to hire and call an expert witness to support his heat of passion defense. ***See*** PCRA Petition, 1/27/14, at 16. PCRA counsel did not refer to or discuss this claim in his ***Turner/Finley*** letter and the PCRA court failed to address the claim in its Rule 907 notice. In his response to the Rule 907 notice, Appellant argued that PCRA counsel and the PCRA court failed to comply with ***Turner/Finley*** because this issue was overlooked. ***See*** Response to Rule 907 Notice,

- 4 -

2/9/15, at 9. In its order dismissing the petition and granting PCRA counsel's petition to withdraw, the PCRA court failed to address this issue.

Therefore, we conclude that PCRA counsel failed to "list[] the issues which [Appellant] want[ed ] reviewed[ and] explain[] why and how those issues lack merit[.]" *Doty*, 48 A.3d at 454. The PCRA court should have denied PCRA counsel's petition to withdraw and ordered him to either file an amended PCRA petition or a compliant *Turner/Finley* letter. Accordingly, we vacate the PCRA court's order dismissing Appellant's PCRA petition and remand for the appointment of new PCRA counsel. New PCRA counsel shall review the record and file either an amended petition or a compliant *Turner/Finley* letter.[6]

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2016

---

[6] We also suggest that, if new PCRA counsel is not fluent in Spanish, he or she use a translator to communicate with Appellant. Appellant is not fluent in English and communication in English is being accomplished through other inmates. *See* Response to Rule 907 Notice, 2/9/15, at 2.