J-S41006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                            :            PENNSYLVANIA
                                            :

                 v.                              :
                                            :
                                            :

ANTHONY R. SKELTON             : 
                                            :

             Appellant                   :        No. 316 EDA 2018

Appeal from the PCRA Order December 26, 2017
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001508-2015

BEFORE:   GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:          **FILED AUGUST 28, 2018**

Appellant Anthony R. Skelton appeals from the order of the Court of Common Pleas of Chester County dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. PCRA counsel has filed a petition to withdraw and a no-merit brief pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988). We affirm the PCRA court's order and grant counsel's petition to withdraw.

On March 11, 2016, Appellant entered an open guilty plea to three counts of Possession With Intent to Deliver a Controlled Substance (PWID) and one count of Persons Not to Possess Firearms. On November 17, 2016, the trial court sentenced Appellant to an aggregate sentence of 10¾ to 27½ years' incarceration. On November 28, 2016, Appellant filed a timely counseled motion for the reconsideration of his sentence. On December 5,

---

*   Former Justice specially assigned to the Superior Court.

2016, Appellant filed a *pro* se motion for reconsideration. After a hearing, the lower court denied Appellant's petition on December 6, 2016.

Thereafter, on December 15, 2016, Appellant filed a *pro se* "Motion for Ineffectiveness of Counsel," which the lower court considered to be a PCRA petition given that the filing raised claims of ineffectiveness of counsel. On December 19, 2016, Appellant filed a *pro se* Motion to Withdraw Guilty Plea, which the lower court subsequently denied as untimely filed on January 5, 2017. **See** Pa.R.Crim.P. 720(A)(1) (post-sentence motions must be filed no later than ten days after sentencing).

The lower court recognized that the Appellant's December 15, 2016 PCRA petition was premature as Appellant had time remaining to file a direct appeal from the judgment of sentence. After the direct appeal period expired, the lower court appointed Appellant counsel to represent him on collateral review. On May 5, 2017, appointed counsel filed an amended PCRA petition. After holding an evidentiary hearing, the PCRA court denied Appellant's petition on December 26, 2017.

After Appellant filed a timely appeal, PCRA counsel filed a petition to withdraw and a **Turner**/**Finley** no-merit brief. On May 17, 2018, Appellant filed a *pro se* response, in which he did not challenge PCRA counsel's request to withdraw but alleged that his guilty plea was defective due to trial counsel's ineffectiveness.

As an initial matter, we must evaluate counsel's petition to withdraw his representation:

- 2 -

Counsel petitioning to withdraw from PCRA representation must proceed ... under **Turner**, **supra** and **Finley**, **supra** and ... must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

Where counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner**/**Finley**, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa.Super. 2012) (quoting **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007)) (brackets omitted).

After reviewing the record and counsel's petition to withdraw, we find that PCRA counsel has complied with the technical requirements of **Turner** and **Finley**, **supra**. In her no-merit brief, PCRA counsel detailed the nature and extent of her review, listed an issue of arguable merit, and explained why she believed the claim was frivolous. Moreover, counsel demonstrated that her no-merit brief was sent to Appellant and showed that she notified Appellant of his right to raise additional points for consideration by proceeding *pro se* or with the assistance of privately retained counsel. Therefore, we must proceed with an independent review of this case. **Doty**, **supra**.

PCRA counsel presents the issue of whether Appellant entered a knowing and intelligent guilty plea in light of alleged misrepresentations by trial counsel. In reviewing the lower court's decision to deny Appellant's PCRA petition, we examine whether the PCRA court's determination "is supported by the record and free of legal error." *Commonwealth v. Mitchell*, 636 Pa. 233, 244, 141 A.3d 1277, 1283–84 (2016) (citations omitted). In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in 42 Pa.C.S.A. § 9543(a)(2), which includes the ineffective assistance of counsel.

"It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Koehler*, 614 Pa. 159, 36 A.3d 121, 132 (2012) (citing *Strickland v. Washington*, 466 U.S. 688, 687-91 (1984)). To prevail on an ineffectiveness claim, the petitioner has the burden to prove that "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." *Commonwealth v. Sneed*, 616 Pa. 1, 17, 45 A.3d 1096, 1106 (2012) (quoting *Commonwealth v. Pierce*, 567 Pa. 186, 786 A.2d 203, 213 (2001)). "A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different." **Commonwealth v. Johnson**, 600 Pa. 329, 345–46, 966 A.2d 523, 532–33 (2009) (quoting **Strickland,** 466 U.S. at 694). The failure to satisfy any one of the three prongs will cause the entire claim to fail. **Sneed**, 616 Pa. at 18, 45 A.3d at 1106 (citation omitted).

In the amended petition, Appellant claimed he did not knowingly, intelligently, or voluntarily enter his guilty plea due to alleged misrepresentations by trial counsel as to the plea agreement offered by the Commonwealth. Specifically, Appellant contends that trial counsel told him that the Commonwealth had agreed Appellant would receive an aggregate sentence of five to ten years' imprisonment for the three counts of PWID and the one count of Persons Not to Possess.

This Court has previously held that:

> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

**Commonwealth v. Wah**, 42 A.3d 335, 338–39 (Pa.Super. 2012) (citations and quotation marks omitted).

Despite Appellant's claim that plea counsel misrepresented that Appellant would receive a sentence of five to ten years' imprisonment,

Appellant signed a written guilty plea colloquy, which clearly indicated that Appellant was entering an "OPEN PLEA OF GUILTY" to three counts of PWID and one count of Persons Not to Possess; the written colloquy also states that "[t]here is no plea bargain or other agreement relating to the plea to those crimes except as stated below." Guilty Plea Colloquy, at 2. There were no remarks or information in the section below to lead Appellant to believe there was any plea agreement in place. Appellant signed the colloquy and specifically added his initials to indicate, *inter alia*, that (1) he had read and understood the colloquy, (2) that he discussed the colloquy with his attorney and had no questions about it, and (3) he had not been made any promises in connection with the entry of his plea.

At the plea hearing, the prosecutor placed the relevant facts on the record relevant to each charge. The factual basis for Appellant's three PWID charges was that he sold heroin on three separate occasions to a confidential informant; in total, Appellant delivered 347 bags of heroin in all, each containing one or more grams. Thereafter, a search warrant executed on Appellant's home revealed that he was in possession of two loaded firearms despite the fact that he was not permitted to possess firearms due to his prior convictions.

The prosecution also outlined the sentencing guideline ranges and the statutory maximums for each of Appellant's charges and emphasized that Appellant's extensive criminal record rendered him a repeat felon for the purposes of his prior record score.

When the trial court questioned Appellant about his decision to sign the written colloquy, he reaffirmed that he had read the colloquy with the assistance of his counsel and had no questions about it. Appellant again confirmed that he had not been made any promises in connection with the entry of his guilty plea. Notes of Testimony (N.T.), 3/11/16, at 5-6.

After accepting Appellant's guilty plea, the trial court made the following remarks to Appellant:

> [The Court:] All right then, [Appellant], we'll have you back here for sentencing after your attorney has submitted his memo for me to consider and after there's a presentence investigation report prepared. It essentially gives me a little bit of background as far as your prior record and work history and that sort of thing. And when I have you back here for sentencing, I will give you the opportunity to speak to me and tell me anything you think I should **consider in deciding what a fair and just sentence will be.** All right. Any questions?
>
> [Appellant:] No, ma'am.

N.T., 3/11/18, at 7-8 (emphasis added). After this exchange, Appellant did not question the trial court's assertion that it would decide Appellant's sentence or inform the court that the parties had agreed to a negotiated sentence.

At sentencing on November 17, 2016, Appellant made the following plea to the judge:

> Your honor, I would truly – it would truly be a blessing to receive the likes of a two-to-four year sentence with some probation, or a two-and-a-half to five-year sentence with probation, or even the likes of a three-to-six-year sentence running concurrent with my parole sentence so I can humbly get on with my life, with my lovely beautiful wife and children.

- 7 -

N.T., 11/17/16, at 23 (emphasis added). In addition, Appellant asked the court to sentence him within "the mitigated ranges of sentencing." N.T. 11/17/16, at 22.

In addition, at the hearing on Appellant's motion for reconsideration of sentence, Appellant actually admitted that he knew there was no plea agreement in place, but still asserted that he was under the impression that he would receive a five to ten year sentence:

> [The Court:] All right. [Appellant,] I'm going to interrupt you. And the reason is in your motion, you said there's something new that I wasn't aware of that you wanted me to consider, and I think all of that was already told to me. So is there something new you want to say?
>
> [Appellant:] Yes, that I was under the fact – I was under the impression that I was going to get a five to ten year deal.
>
> [The Court:] All right. You pled open. There was no agreement. You knew that, right?
>
> [Appellant:] *Yeah*. Well, since I don't have too much knowledge of the law, when he gave me the agreement, I'm quite sure he said a five-to-ten year deal.

N.T., 12/6/18, at 4 (emphasis added).

During that hearing, the trial court asked plea counsel about the alleged agreement:

> The Court: All right. Counsel, did you tell your client that he was going to get five to ten years?
>
> [Counsel:] … From the defense perspective, the Commonwealth's offer was 17 years. I believe that was the Commonwealth's offer. By way of plea bargaining, they reduced the number of counts. One of the gun charges was dismissed and things of that nature, and then my client and I discussed an open guilty plea. Prior to

- 8 -

him pleading guilty, we went over the statutory maximums, the guidelines, the possibility that you could run things consecutive, things of this nature. **So there was absolutely no indication that there was an agreement of five years.**

N.T., 12/6/18, at 5 (emphasis added). Based on the aforementioned testimony, the PCRA court found Appellant was not credible in claiming that he believed the parties had agreed to a five to ten year sentence. We agree with the trial court's finding that it is clear that Appellant understood that no sentence had been negotiated and that the trial court had the discretion to determine his sentence.

Upon review, we conclude that the record supports the PCRA court's determination that Appellant did not enter an unknowing or involuntary plea as there was no merit for Appellant's claim that he had been misled into believing that he would be sentenced to five to ten years' imprisonment. As a result, we affirm the order dismissing Appellant's petition and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/18