J-S02018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAHYAN HARRIS, | : | |
| | : | |
| Appellant. | : | No. 3764 EDA 2017 |

Appeal from the PCRA Order, October 13, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0015135-2009.

BEFORE:  GANTMAN, P.J.E., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED APRIL 17, 2019**

Kahyan Harris appeals *pro se* from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-9546. After careful consideration, we vacate and remand.

The pertinent facts and procedural history are as follows:  A jury found Harris guilty of second-degree murder, robbery, conspiracy and possession of an instrument of crime in connection with the shooting death and robbery of Daryl Marks.  Co-defendant, Brandon Huggins, testified for the Commonwealth at trial.  The trial court sentenced Harris to an aggregate term of life imprisonment.[1]  Harris filed a timely appeal.  This Court affirmed his

_____

[1] On the date of sentencing, Harris pled guilty to four unrelated offenses.  As part of the negotiation, the court ordered his sentences on those cases to run concurrently with the instant case.  Those four cases are not the subject of this appeal.

judgment of sentence. **Commonwealth v. Harris**, 107 A.3d 233 (Pa. Super. 2014) (unpublished memorandum). On April 4, 2015, our Supreme Court denied Harris' petition for allowance of appeal. **Commonwealth v. Harris**, 113 A.3d 278 (Pa. 2015).

On March 28, 2016, Harris filed several documents *pro se*: an "uncounseled" PCRA petition; a timely "uncounseled" amended petition; a motion for production of transcripts and related documents; a motion for the appointment of counsel, and a motion to proceed *in forma pauperis*. On January 27, 2017, the PCRA court appointed counsel. On July 19, 2017, PCRA counsel filed a "no-merit" letter and motion to withdraw pursuant to the dictates of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On August 8, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Harris' petition without a hearing based upon PCRA counsel's **Turner**/**Finley** letter and because the issues raised in the petition were without merit. After the PCRA court granted an extension, on October 11, 2017, Harris filed a *pro se* response, in which he raised four additional ineffectiveness claims regarding trial and appellate counsel, and asserted that PCRA counsel was ineffective for failing to file an amended petition raising these claims.[2] By order entered October 13, 2017, the PCRA court dismissed

---

[2] Prior to filing this response, Harris had filed a motion for DNA testing on September 12, 2017, and PCRA counsel filed a supplemental **Turner**/**Finley** letter on October 9, 2017.

Harris' petition as "lacking in merit." This appeal followed. Both Harris and the PCRA court have complied with Pa.R.A.P. 1925.

Harris raises the following issues:

A. Did not the PCRA Court err in failing to consider Harris' Motion for Leave to Amend PCRA petition and his first Amended PCRA petition?

B. Did not the PCRA court err in failing to consider Harris' Response to PCRA counsel's *Finley* letter and the PCRA court's Rule 907 notice to dismiss, prior to granting PCRA counsel's *Finley* letter and dismissing without a hearing Harris' PCRA petition?

C. Did not the PCRA court err in granting PCRA counsel's *Finley* letter which failed to comport with applicable legal standards governing withdrawal of representation in post conviction proceedings?

*See* Harris' Brief at 4.[3]

Because these issues essentially argue that both PCRA counsel and the PCRA court did not comply with the mandates of *Turner*/*Finley*, *supra*, we will address them together. As this claim raises a question of law, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012) (citation omitted).

Counsel seeking to withdraw in PCRA proceedings:

Must review the case zealously. [C]ounsel must then submit a "no-merit" letter to the [PCRA court] or brief on appeal to

---

[3] Despite this Court granting the Commonwealth three extensions, it never filed an appellate brief.

this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues which [the] petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief (2) a copy of counsel's petition to withdraw; and (3) a statement advising [the] petitioner of the right to proceed *pro se* or by new counsel.

\*\*\*

Where counsel submits a petition and no-merit letter that satisfy the technical demands of ***Turner*/*Finley***, the court— the [PCRA court]—must then conduct its own review of the merits of the case.  If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012) (internal alteration, ellipses, and citation omitted).

Harris argues that PCRA counsel's initial ***Turner*/*Finley*** letter was "woefully defective and should have resulted in the denial of his request to withdraw as counsel."  Harris' Brief at 10.  We agree.  Our review of Harris' *pro se* petitions reveals that PCRA counsel opined that the two people identified by Harris in his *pro se* petition were not, in fact, alibi witnesses.  In his ***Turner*/*Finley*** letter, PCRA counsel made no mention of Reba Bush and Salesse Austin, two women Harris identified as alibi witnesses in his amended *pro se* PCRA petition, and for which he provided witness certifications.  Harris further claims that PCRA counsel overlooked the four issues he raised in his response to the Rule 907 notice.

For its part, before dismissing Harris' PCRA petition, the PCRA court neither addressed Harris' claim of PCRA counsel's ineffectiveness, nor the four allegedly meritorious issues raised by Harris in his response. In its Pa.R.A.P. 1925(a) opinion, the PCRA court does not address any of these issues, but rather states only in a conclusory fashion that it reviewed PCRA counsel's *Finley* letters, and "finds them sufficient. After independently reviewing the merits of this case, this court finds [Harris'] PCRA Petition lacks merit." PCRA Court Opinion, 6/12/18, at 3.

Based on our review of Harris' claims, we conclude that PCRA counsel failed to fully address the issues Harris raised in his *pro se* petitions, and that the PCRA court should have denied PCRA counsel's petition to withdraw and ordered him to file either an amended PCRA petition or a compliant *Turner*/*Finley* letter. Accordingly, we vacate the PCRA court's order dismissing Harris' PCRA petition and remand for the appointment of new PCRA counsel. New PCRA counsel shall review the record and file either an amended petition or a compliant *Turner*/*Finley* letter.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/19

- 5 -