J-S74013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PAUL PARKER | : | |
| | : | |
| Appellant | : | No. 1105 EDA 2019 |

Appeal from the PCRA Order Entered March 11, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0410451-1994

BEFORE: BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED FEBRUARY 14, 2020**

Appellant, Paul Parker, appeals from the order dismissing his untimely petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. As Appellant has failed to successfully prove the applicability of an exception to the PCRA's timeliness requirements, we are compelled to affirm.

On February 6, 1995, Appellant entered a guilty plea to first-degree murder, robbery, burglary, and possessing an instrument of crime (PIC). The trial court sentenced him that same day to a mandatory term of life imprisonment without the possibility of parole for first-degree murder, and to consecutive terms of 5-10 and 2½-5 years' incarceration for robbery and PIC,

---

[*] Former Justice specially assigned to the Superior Court.

respectively. Appellant did not file a direct appeal from his judgment of sentence.

Appellant subsequently filed four PCRA petitions, not including the at-issue petition, on December 8, 2005 (First Petition), January 3, 2007 (Second Petition), June 5, 2012 (Third Petition), and March 22, 2016 (Fourth Petition). The PCRA court denied the First Petition as untimely on September 13, 2006, and Appellant did not file an appeal from that decision. The Second Petition successfully sought to reinstate his appellate rights from the denial of the First Petition; however, Appellant discontinued his subsequently filed *nunc pro tunc* appeal on May 16, 2007. The PCRA court denied the Third Petition as untimely on July 23, 2013. This Court affirmed that order, and our Supreme Court denied further review. **Commonwealth v. Parker**, 105 A.3d 36 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 105 A.3d 736 (Pa. 2014). The PCRA court denied the Fourth Petition on August 17, 2017, and Appellant did not appeal. All of these prior PCRA petitions were filed *pro se* by Appellant.

On July 9, 2018, Appellant filed the petition currently under review, his fifth petition overall (albeit his first counseled PCRA petition to date). On February 22, 2019, the PCRA court entered an order pursuant to Pa.R.Crim.P. 907, indicating its intent to dismiss the petition without a hearing. Appellant filed a reply thereto on March 6, 2019. On March 11, 2019, the PCRA court dismissed the petition. Appellant filed a timely appeal from that decision. The PCRA court did not order Appellant to file a statement pursuant to Pa.R.A.P. 1925(b). The court issued its Rule 1925(a) opinion on July 10, 2019.

Appellant now presents the following questions for review:

I. Whether the [PCRA] court deprived Appellant of his right to due process when it issued a notice pursuant to Pa.R.Cr[im].P. 907 stating that his PCRA petition was without merit but then issued a [Rule] 1925[(a)] opinion for the appeal concluding that the petition was untimely?

II. Whether Appellant's fifth PCRA petition was timely?

III. Whether the PCRA court denied procedural due process when [it] refused to hold an evidentiary hearing to take testimony from … Appellant and defense counsel?

IV. Whether Appellant's 6th Amendment right to effective assistance of counsel was violated when counsel misadvised Appellant about the life sentence and interfered in the right to make choices reserved to … Appellant?

V. Whether Appellant was denied due process of law and equal protection guaranteed by the 14th Amendment?

Appellant's Brief at 2-3 (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a PCRA petition is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

J-S74013-19

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[1]

Appellant argues that his petition satisfies two exceptions to the PCRA's timeliness requirements. First, he asserts that the facts upon which his ineffectiveness-of-plea-counsel claim is based were previously unknown to him, thereby invoking Section 9545(b)(1)(ii). Second, he claims that he is

---

[1] When Appellant's current PCRA petition was filed, Section 9545(b)(2) required PCRA petitions invoking a timeliness exception to be filed within 60 days of the date the claim could have been first presented. Therefore, Appellant's petition is subject to the 60-day limitation under the pre-amended version of the statute.

- 4 -

entitled to the retroactive application of a newly-recognized constitutional right pursuant to Section 9545(b)(1)(iii).

### Section 9545(b)(1)(ii)

Appellant claims that the newly-discovered fact at issue is the United States Supreme Court's decision in *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018), which was decided on May 14, 2018. *See* Appellant's Brief at 21. As Appellant's PCRA petition was filed 56 days later, on July 9, 2018, his claim is in compliance with the 60-day rule set forth in the prior version of Section 9545(b)(2). Nevertheless, our Supreme Court has held that "subsequent decisional law does not amount to a new 'fact' under Section 9545(b)(1)(ii) of the PCRA." *Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011). Accordingly, Section 9545(b)(1)(ii) cannot excuse the untimeliness of Appellant's petition.[2]

### Section 9545(b)(1)(iii)

---

[2] Moreover, it is clear from the record and Appellant's admissions that the facts pertaining to plea counsel's alleged ineffectiveness were not newly discovered. As noted by Appellant, "[w]ithin a few days" of his judgment of sentence, "Appellant asked to withdraw his plea and [subsequently] filed three PCRA petitions claiming that his attorney misled him as to the sentencing consequences of his plea." Appellant's Brief at 24. Simply put, there are no previously unknown *facts* at issue in this case and, therefore, Appellant cannot successfully avail himself of the exception set forth in Section 9545(b)(1)(ii). Further, as noted by the PCRA court, Appellant raised an identical ineffectiveness claim in his Third PCRA petition. *See* PCRA Court Opinion (PCO), 7/10/19, at 6.

Appellant also attempts to invoke the newly-created-constitutional-right exception to the PCRA's timeliness requirements, Section 9545(b)(1)(iii), by citing *McCoy*.[3] In *McCoy*, the High Court held that, under the 6th Amendment, a defendant has the right to insist that his counsel refrain from conceding guilt during the guilt phase of a capital trial, even when his attorney reasonably believes the concession is essential to a strategy of avoiding the death penalty. *See McCoy*, 138 S.Ct. at 1509. The *McCoy* Court also determined that allowing McCoy's attorney to proceed with that strategy over his client's objections was a structural error on the part of the trial court that entitled McCoy to a new trial and did not necessitate a finding of prejudice. *Id.* at 1511.

Instantly, the PCRA court determined that Section 9545(b)(1)(iii) does not apply to Appellant's petition because 1) *McCoy* is not applicable to the facts of this case and, 2) the *McCoy* decision has not been held by the United States Supreme Court to apply retroactively. *See* PCO at 7-8. The PCRA court rejected the applicability of *McCoy* because, unlike McCoy, Appellant did not have a trial (he pled guilty), and he was not facing the possibility of the death penalty. *See id.* Moreover, the court stated, "[a]t no point did [Appellant]'s counsel admit guilt to a jury or judge over [Appellant]'s objection. Therefore, *McCoy* is factually inapplicable to the case at bar." *Id.* at 8.

_____

[3] As noted above, this claim satisfies Section 9545(b)(2)'s 60-day rule.

Appellant states the holding in **McCoy** in far more general terms, arguing that the decision stands for the proposition that "a criminal defendant has the right to make his own decision about whether to concede guilt or not." Appellant's Brief at 30. However, that general principle is not at all unique to **McCoy**. Indeed, the **McCoy** decision is merely a more specific application of a principle already recognized decades earlier. **See**, **e.g.**, **Jones v. Barnes**, 463 U.S. 745 (1983) ("It is also recognized that the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal."). Thus, nothing in **McCoy** has changed the landscape of case law applicable to Appellant's guilty plea, and the decision itself did not even involve circumstances analogous to the instant case. Thus, we agree with the PCRA court that Appellant cannot invoke **McCoy** to satisfy the untimeliness exception set forth in Section 9545(b)(1)(iii).

In any event, even if **McCoy** was applicable to the case at hand, Section 9545(b)(1)(iii) would still be inapplicable. Our Supreme Court has held that:

> Subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review.

- 7 -

*Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002).

Here, Appellant has failed to establish that *McCoy* "has been held" by the United States Supreme Court to apply retroactively on collateral review. Nothing in the *McCoy* decision itself suggests the United States Supreme Court's intent to have it apply retroactively on collateral review, and Appellant fails to cite any subsequent decisions applying it retroactively, or otherwise declaring *McCoy* to have such retroactive effect. Thus, for this reason as well, Appellant cannot successfully avail himself of the timeliness exception set forth in Section 9545(b)(1)(iii).[4]

For the preceding reasons, Appellant's untimely petition cannot satisfy any of the PCRA's timeliness exceptions and, therefore, the court did not err or abuse its discretion in dismissing it. Furthermore, to the extent that the PCRA court dismissed Appellant's petition as lacking merit, rather than as untimely, we note that we are not bound by that court's rationale as this Court can affirm an order denying a PCRA petition on any legal basis. **See Commonwealth v. Doty**, 48 A.3d 451, 456 (Pa. Super. 2012). Moreover, regarding Appellant's claim that the PCRA court erred by not holding an evidentiary hearing, he has failed to assert any genuine issue of material fact

---

[4] We also find persuasive this Court's recent memorandum in **Commonwealth v. Hoffman**, 2020 WL 200838, at *2 (Pa. Super. January 13, 2020), in which this Court determined that **McCoy** does not create or otherwise recognize a new constitutional right for purposes of Section 9545(b)(1)(iii).

that could be resolved in his favor in such a manner that would prove the applicability of an exception to the PCRA's timeliness requirements.

Order **affirmed**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/14/20