COMMONWEALTH of Pennsylvania, Appellee

v.

Christopher DOTY, Appellant.

Superior Court of Pennsylvania.

Submitted May 14, 2012.
Filed June 29, 2012.

---

---

Christopher Doty, appellant, pro se.

John H. Daneri, Assistant District Attorney, Erie, for Commonwealth, appellee.

BEFORE: BENDER, OLSON and PLATT,* JJ.

OPINION BY OLSON, J.:

Appellant, Christopher Doty, appeals from the order entered on August 3, 2011, denying his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. Further, in this appeal, Appellant's court-appointed counsel has filed a motion to withdraw from representation. We grant counsel's motion to with-

---

* Retired Senior Judge assigned to the Superior court.

draw and affirm the order dismissing Appellant's PCRA petition.

This Court and the PCRA court have provided an excellent recitation of the relevant facts and procedural history of this case. As this Court explained:

On January 20, 2009, after a joint trial with [two co-defendants], the jury found [all of the defendants] guilty of conspiracy and aggravated assault.[1] The trial court scheduled [Appellant]'s sentencing to take place on March 19, 2009.

Notwithstanding his scheduled sentencing date and the bond posted to secure his presence, [Appellant] failed to appear at sentencing. The trial court sentenced [Appellant], *in absentia,* to a prison term of 66 to 136 months for his conviction of aggravated assault. For his conviction of criminal conspiracy, the trial court sentenced [Appellant] to a consecutive prison term of 48 to 96 months. The trial court imposed fees and costs, and further ordered [Appellant] to pay $1,500,000.00 in restitution. On March 19, 2009, the trial court issued a bench warrant for [Appellant]. The next day, [Appellant]'s counsel filed a post-sentence motion, which the trial court subsequently denied.

[Within] the 30–day appeal period, on April 21, 2009, [Appellant]'s counsel filed a [n]otice of appeal on [Appellant]'s behalf. The trial court [o]rdered [Appellant] to file a concise statement of matters complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). [Appellant]'s counsel complied with the trial court's [o]rder. At the time the trial court filed its Rule 1925(a) [o]pinion, on June 23, 2009, [Appellant] remained a fugitive. However, according to [Appellant]'s appellate brief, law enforcement authorities apprehended [Appellant] in another state.

*Commonwealth v. Doty,* 997 A.2d 1184, 1186 (Pa.Super.2010).

The PCRA court summarized the ensuing procedural facts as follows:

[This Court] quashed the appeal because it held ... that [Appellant] forfeited his right to appellate review of all claims raised in his appeal due to the fact that he was a fugitive during the entire period when he could have filed his direct appeal. [This Court] also held that even though [Appellant]'s counsel at the time attempted to preserve his appellate rights by filing a notice of appeal in [Appellant]'s absence, this did not suffice because [Appellant] failed to return to the jurisdiction prior to the expiration of the appeal period. [*Doty,* 997 A.2d at 1184].

[On March 10, 2011, Appellant filed a *pro se* PCRA petition.] Counsel was appointed who filed a supplement to [Appellant]'s PCRA petition.

On July 6, 2011, the trial court filed[, pursuant to Pa.R.Crim.P. 907, notice of its intent to dismiss the petition without a hearing, concluding that Appellant's petition was untimely. On July 29, 2011, Appellant filed objections to the trial court's Rule 907 notice. Thereafter, on August 3, 2011, the trial court issued an order dismissing Appellant's petition for PCRA relief for the reasons set forth in its Rule 907 notice.]

PCRA Opinion, 12/6/11, at 1–2. This appeal followed.[2]

---

1. 18 Pa.C.S. §§ 903 and 2702(a)(1), respectively.

2. Appellant filed a timely notice of appeal on September 1, 2011. The following day, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal. Appellant's counsel timely complied and preserved the issue currently raised on appeal.

After reviewing the record, PCRA counsel determined, based on our prior opinion in *Doty*, that Appellant's fugitive status during the period for filing a direct appeal resulted in the forfeiture of Appellant's right to direct appellate review. Appellant's Brief at 6. As a result, counsel also concluded that the PCRA court correctly relied upon our decision in *Doty* in finding that Appellant's PCRA petition was subject to dismissal as untimely. *Id.* at 6–7. Therefore, because PCRA counsel determined that there were no "non-frivolous" issues for appellate review, counsel notified Appellant of his intent to withdraw from representation and filed, in this Court, both a motion to withdraw as counsel and an accompanying "no merit" brief pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988) (*en banc*). *See Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super.2007).

Counsel's *Turner/Finley* brief presents the following claim for our consideration:

Whether the [trial c]ourt erred when it extended [the] holding of *Commonwealth v. Doty*, 997 A.2d 1184 (Pa.Super.2010) to the filing of post-sentencing motions with the net effect of such ruling to render Appellant's [PCRA petition] untimely?

Appellant's Brief at 3.

■ Prior to reviewing the merits of this appeal, we first decide whether counsel has fulfilled the procedural requirements for withdrawing as counsel. *Commonwealth v. Daniels*, 947 A.2d 795, 797 (Pa.Super.2008). As we have explained:

Counsel petitioning to withdraw from PCRA representation must proceed ... under [*Turner, supra* and *Finley, supra* and] ... must review the case zealously. *Turner/Finley* counsel must then submit a "no-merit" letter to the trial court, or

brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

\*    \*    \*

[3] [W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of *Turner/Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Wrecks*, 931 A.2d at 721 (internal citations omitted).

■ Here, counsel has satisfied all of the above procedural requirements. Thus, having concluded that counsel's petition to withdraw is *Turner/Finley* compliant, we now undertake our own review of the case to consider whether the PCRA court erred in dismissing Appellant's petition.

■ The PCRA court determined, based in large part upon our opinion in *Doty*, that Appellant's PCRA petition was untimely. *See* Notice of Intent to Dismiss Without a Hearing, 7/6/11, at 1–2. In *Doty*, we quashed Appellant's direct appeal on grounds that his fugitive status during the period for filing an appeal resulted in a forfeiture of his right to direct review. *Doty*, 997 A.2d at 1189 ("all [ ] claims raised in the instant appeal were forfeited because of [Appellant's] fugitive status

throughout the 30–day appeal period[ ]"). Relying upon our holding in *Doty*, the PCRA court determined that, because Appellant forfeited his right to direct review, his judgment of sentence became final 30 days after he was sentenced in open court. Hence, because Appellant's judgment of sentence became final on April 20, 2009 (30 days after sentence was imposed),[3] the PCRA court reasoned that Appellant's PCRA petition had to be filed no later than April 20, 2010.[4] Notice of Intent to Dismiss Without a Hearing, 7/6/11, at 1–2. Because Appellant filed his *pro se* PCRA petition on March 10, 2011, the PCRA court, citing *Commonwealth v. Brown*, 596 Pa. 354, 943 A.2d 264 (2008), held that Appellant's petition was untimely and denied relief.[5]

We cannot agree with the PCRA court's conclusion that appellant's petition was untimely. A careful review of the record reveals that Appellant filed a timely post-sentence motion on March 20, 2009, the day after his sentencing hearing. *See* Pa. R.Crim.P. 720(A)(1) ("a written post-sentence motion shall be filed no later than [ten] days after imposition of sentence[ ]"). The trial court denied Appellant's post-sentence motion on March 30, 2009. Thereafter, Appellant's counsel filed a notice of appeal on April 21, 2009. In *Doty*, we acknowledged that Appellant's notice of appeal was timely in that it was "filed within the 30–day appeal period." *Doty*, 997 A.2d at 1188. Therefore, based upon our review of the record, Appellant's judgment of sentence became final on July 9, 2010, 30 days after this Court quashed Appellant's direct appeal and the time expired for seeking further review before our Supreme Court. *See* 42 Pa.C.S.A.

---

**3.** In its July 6, 2011 Notice of Intent to Dismiss Without a Hearing, the trial court found that Appellant's judgment of sentence became final on April 18, 2009. April 18, 2009, however, fell on a Saturday. Thus, for present purposes, the thirtieth day after Appellant's March 19, 2009 sentencing hearing was Monday, April 20, 2009. *See* 1 Pa.C.S.A. § 1908.

**4.** *See* 42 Pa.C.S.A. § 9545(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final").

**5.** The PCRA court relied on *Brown's* holding that the defendant's post-conviction petition was untimely under the circumstances presented in that case since the one-year period for filing petitions for collateral relief commenced upon the expiration of the time allowed for filing a direct appeal, rather than upon the disposition of an untimely-filed notice of appeal. In that case, the defendant was sentenced in May 2001. Thereafter, defense counsel made an oral post-sentence motion but failed to file a written motion with the trial court. In April 2002, 11 months after sentence was imposed, the trial court denied the defendant's post-sentence motion. Six days later, the defendant filed a notice of appeal with this Court. In May 2003, we quashed the defendant's appeal as untimely, concluding under Pa.R.Crim.P. 720 that only a written post-sentence motion could toll the appeal period. The Supreme Court denied a petition for allowance of appeal in December 2003. In February 2004, the defendant filed a *pro se* petition for collateral relief alleging that counsel's ineffectiveness in failing to file a written post-sentence motion caused him to lose his direct appeal rights. The PCRA court reinstated the defendant's rights and he lodged an appeal. We, however, quashed the defendant's appeal, holding that the trial court lacked jurisdiction to entertain the defendant's PCRA claims since his petition was untimely. Our holding was based upon the determination that the defendant's judgment of sentence became final in June 2001, 30 days after sentence was imposed. In view of this conclusion, the defendant's PCRA petition should have been filed no later than June 2002. The Supreme Court affirmed, holding on appeal that "in circumstances in which no timely direct appeal is filed relative to a judgment of sentence, and direct review is therefore unavailable, the one-year period allowed for the filing of a post-conviction petition commences upon the actual expiration of the time period allowed for seeking direct review, as specified in the PCRA." *Brown*, 943 A.2d at 268.

§ 9545(b)(3); Pa.R.A.P. 1113(a) (petition for allowance of appeal to Supreme Court shall be filed within 30 days of order issued by Superior Court). Thus, Appellant's PCRA petition, filed on March 10, 2011, was timely because it was filed within one year of the date Appellant's judgment of sentence became final. 42 Pa. C.S.A. § 9545(1).[6] The PCRA court erred in holding otherwise.

*Doty* supports this conclusion. Our prior decision rested upon the principle that a fugitive, such as Appellant, forfeits his right to direct appellate review of all claims raised on appeal where he voluntarily removes himself from the trial court's jurisdiction following a guilty verdict and does not return until after the time for appeal has passed. *Doty*, 997 A.2d at 1189; *see also Commonwealth v. Passaro*, 476 A.2d 346, 349 (1984). Contrary to the PCRA court's understanding, our opinion in *Doty* did not imply that Appellant's direct appeal constituted a legal nullity.[7] More importantly, our decision did not suggest that Appellant's fugitive status during the direct appeal period should have the same impact as an untimely notice of appeal and, therefore, cause Appellant's judgment of sentence to become final on April 20, 2009. We have been unable to locate a single Pennsylva-

nia decision adopting the PCRA court's view that fugitive status during the direct appeal period resets the date on which a judgment of sentence becomes final for purposes of a subsequent PCRA petition. Consequently, we reject the PCRA court's conclusion that Appellant's petition was untimely.

■ Notwithstanding our conclusion that the PCRA court erred in concluding that it lacked jurisdiction over Appellant's PCRA claims, we nevertheless agree that Appellant's petition was subject to dismissal and will affirm the PCRA court's order on alternate grounds. *See In re Jacobs*, 15 A.3d 509 n. 1 (Pa.Super.2011) ("[This Court is] not bound by the rationale of the trial court, and may affirm on any basis.").

Our Supreme Court has addressed the impact of fugitive status under facts similar to those presently before us. In *Commonwealth v. Judge*, 568 Pa. 377, 797 A.2d 250 (2002), a PCRA petitioner, who previously forfeited his direct appeal rights because of his fugitive status, filed a petition seeking collateral relief pursuant to the PCRA. The PCRA court dismissed the PCRA petition and, on appeal, the petitioner challenged the PCRA court's determination that he was not entitled to collateral review of his convictions because he

---

6. The timeline established by the certified record in this case reveals that counsel filed a timely, written post-sentence motion on behalf of Appellant. Moreover, after the trial court denied that motion, counsel for Appellant filed a timely notice of appeal. These facts distinguish the present case from *Brown* which, by its own terms, applies only in circumstances where direct review is unavailable because "no timely direct appeal is filed relative to a judgment of sentence[.]" *Brown*, 943 A.2d at 268. In this case, we concluded on direct appeal that Appellant was not entitled to review because he was a fugitive throughout the entirety of the appeal period, not because his notice of appeal was untimely. *Doty*, 997 A.2d at 1189 (noting that coun-

sel filed a notice of appeal during the appeal period but concluding that "[Appellant] could not resurrect his appellate rights because he failed to return to the court's jurisdiction prior to the expiration of the appeal period[ ]"). Under these circumstances, the PCRA court's reliance upon *Brown* was misplaced.

7. While examining the timeliness of Appellant's PCRA petition, the PCRA court, in its Notice of Intent to Dismiss Without a Hearing, observed that it "believe[d] the Superior Court's quash[al] of [Appellant's] appeal on June 9, 2010 is of no consequence." Notice of Intent to Dismiss Without a Hearing, 7/6/11, at 2.

fled the jurisdiction prior to direct appeal. *See id.* at 257–258. The Supreme Court upheld the denial of PCRA relief, concluding that the petitioner's previous forfeiture of his direct appeal rights by reason of his fugitive status rendered him ineligible for collateral relief. *Id.* at 259–260. In affirming the dismissal of the petitioner's PCRA claims, the Supreme Court observed: "[W]e refuse to permit Appellant to resurrect issues that were raised, or which could have been raised and would have been addressed, on direct appeal, had Appellant demonstrated some kind of respect for the legal process." *Id.* at 260 (footnotes omitted).

On direct appeal in the present case, Appellant asserted, among other things, that the trial court erred in ordering restitution totaling $1,500,000.00, sentencing Appellant within the aggravated range of the guidelines, and directing Appellant to serve consecutive terms of imprisonment. *Doty*, 997 A.2d at 1186. Those claims also formed the basis of Appellant's request for collateral relief. Motion for Post–Conviction Collateral Relief, 3/10/11, at 2–3; *see also* Supplement to Motion for PostConviction Collateral Relief, 4/28/11, at 1–2. In *Doty*, we held that Appellant's fugitive status during the direct appeal period resulted in forfeiture of his right to direct review of these claims. Because Appellant previously forfeited review of his claims on direct appeal, he is now ineligible for collateral relief based on these contentions.[8] *See Judge*, 797 A.2d at 260.

We have independently conducted our own review of this case and determined that, although the PCRA court erred in concluding that it lacked jurisdiction over Appellant's PCRA petition, the court did not err in dismissing Appellant's claims because he was ineligible for collateral relief. As we agree with appointed counsel that the current appeal has no merit, we grant counsel's motion to withdraw and affirm the order dismissing Appellant's petition for PCRA relief.

Order affirmed. Motion to withdraw as counsel granted.

BENDER, J., concurs in the result.

---

**8.** Appellant has alleged throughout the litigation that his claims implicate the legality of his sentence and therefore are not subject to waiver. We emphasize, however, that our ruling above is predicated upon the determination that Appellant **forfeited** the claims alleged in his PCRA petition, not that he waived those contentions. We have previously held that, in contrast to waiver, a challenge to the legality of a sentence may be forfeited. *See Doty*, 997 A.2d at 1188–1189 (distinguishing between waiver and forfeiture and concluding that a challenge to the legality of a sentence may be forfeited where extremely serious misconduct has occurred).