J-S51003-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT RICARDO MCDONALD, | |
| Appellant | No. 518 MDA 2014 |

Appeal from the Order Entered March 7, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000020-2012

BEFORE:  BOWES, OTT, and MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 13, 2014**

Robert Ricardo McDonald appeals from the order entered March 7, 2014, denying his first counseled PCRA petition.  Counsel has filed a petition to withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).[1]  We grant counsel's petition to withdraw and affirm.

_____

[1]  The proper procedure to withdraw in post-conviction relief matters is not via an **Anders** brief.  Rather, counsel is to submit a **Turner/Finley** no-merit letter/brief.  **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*) ("**Turner/Finley**").  Despite this Court's repeated explanations, attorneys continue to confuse the separate standards.  Nonetheless, because the **Anders** line of decisions is considered to afford greater protections than does **Turner/Finley**, the error has no effect on the outcome of this case.

A jury found Appellant guilty of fleeing or attempting to elude a police officer, recklessly endangering another person, and accidents involving damage to an attended vehicle, and the court adjudged Appellant guilty of summary offenses of reckless driving and failure to obey a traffic control device.[2] These charges arose out of an incident on October 31, 2011, where Appellant fled from police after an officer attempted to effectuate a traffic stop. Specifically, the officer was aware that Appellant did not have a valid driver's license and activated his lights and siren. Rather than stop, Appellant sped away and proceeded to run through red lights and stop signs. Appellant then abandoned his vehicle in his own driveway while it was still moving causing it to strike the officer's cruiser.

Following Appellant's trial, the court sentenced Appellant on July 31, 2012. The court imposed a sentence of eleven and one-half to twenty-three months imprisonment to be followed by three years of probation. A timely direct appeal ensued, and this Court affirmed on April 13, 2013. *Commonwealth v. McDonald*, 75 A.3d 559 (Pa.Super. 2013) (unpublished memorandum). Appellant timely filed a *pro se* PCRA petition on May 13, 2013, which asserted ineffective assistance of trial counsel. The court appointed counsel on May 24, 2013, and directed counsel to file an amended

_____

[2] A prior panel of this Court incorrectly indicated that Appellant was also found guilty of driving without a license. However, the trial court found Appellant not guilty of that charge. *See* N.T., 5/14,12, at 292-293.

petition. Appellant filed an amended petition on July 1, 2013, and the Commonwealth filed a response on July 29, 2013, acquiescing to a hearing. Accordingly, the court conducted an evidentiary hearing on October 22, 2013.

Therein, Appellant's wife, Nydeah Brown McDonald,[3] testified that Appellant had been picked up from work around the time in which the incident had occurred and that her brother had admitted to taking her vehicle, which was the car used in the incident. Robert Steel, the individual who allegedly transported Appellant to work, also testified at the PCRA hearing. He provided that he arrived at Appellant's residence and took Appellant to work, providing an alibi. Both witnesses testified at Appellant's preliminary hearing and trial counsel knew of their existence. Indeed, Mrs. McDonald did testify at trial.

Trial counsel testified, however, that while she spoke with both witnesess at the preliminary hearing neither Mrs. McDonald nor Mr. Steel informed her at the preliminary hearing that Appellant was with Mr. Steel on the night of the incident. She did become aware in early January 2012 that Mrs. McDonald claimed that Appellant was traveling to work at the time of the crimes. Further, although Mr. Steel spoke with trial counsel's investigator, he provided that person with a false address and inactive

_____

[3] While Mrs. McDonald testified that she and Appellant are married, she provided it was a common law marriage.

- 3 -

telephone number. Accordingly, trial counsel was unable to contact him. She further averred that Mrs. McDonald told her on the day of trial that Mrs. McDonald's brother admitted to being the culprit, but Mrs. McDonald was unaware of his whereabouts.

Counsel elected not to present an alibi defense and instead argued that Mrs. McDonald's brother was driving the van and Appellant was only a passenger. She noted that she elected not to utilize an alibi defense because the Commonwealth could introduce cell phone records showing that Appellant was in the area in which the incident occurred. In addition, she remarked that she investigated a possible alibi defense but found that the alibi witnesses were either not cooperative or were inconsistent. Trial counsel set forth that one alleged alibi witness, Naomi Anderson, was supposedly with Mr. Steel and Appellant but could not be located. In addition, trial counsel's investigator spoke with the owner of Appellant's workplace, a bar, and others who worked at the establishment. None of these individuals were at the bar during the pertinent period.

Following the hearing, the court established a briefing schedule and counsel submitted an additional amended petition on November 4, 2013, and the Commonwealth filed an answer to that petition on November 20, 2013. The court denied Appellant's petition on March 7, 2014 via an order and supporting opinion. The PCRA court concluded that Mr. Steel's failure to provide accurate contact information precluded trial counsel from being able

to present him as a witness. It also rejected Mr. Steel's PCRA testimony as incredible. The court further discussed that Mrs. McDonald's brother was not available to testify and determined that trial counsel's reasons for not advancing an alibi defense were reasonable.

Appellant timely appealed and the court directed him to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, but counsel therein indicated that he would be seeking to withdraw because he concluded Appellant's issue was frivolous.[4]

Accordingly, Appellant filed a petition to withdraw and **Anders** brief. As we set forth, "[t]he **Turner/Finley** decisions provide the manner for post-conviction counsel to withdraw from representation." **Commonwealth v. Rykard**, 55 A.3d 1177, 1184 (Pa.Super. 2012). In order to withdraw, counsel must conduct an independent review of the record and file a "no-merit" letter or brief detailing the nature and extent of his review, listing each issue the petitioner wishes to raise and why those issues are meritless. **Id**. Where the no-merit letter or brief is filed with this Court, we then must conduct our "own independent evaluation of the record and agree with counsel that the petition is without merit." **Id**.

_____

[4] Pa.R.A.P. 1925(c)(4) allows attorneys during criminal direct appeals to indicate that they will be filing an **Anders** brief. There, however, is no analogous provision specific to PCRA appeals, which though governed by criminal procedural rules are considered civil. Whether Rule 1925(c)(4) extends to PCRA counsel withdrawals has yet to be considered in a published decision.

Additionally, "counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney." **Id**. Counsel has complied with these directives.[5] Accordingly, we proceed to independently review the record to determine whether Appellant's amended petition does not entitle him to relief.

The issue leveled in Appellant's **Anders** brief is: "[d]id the PCRA court err by failing to find that trial counsel provided ineffective assistance by failing to call alibi witnesses during Appellant's trial?" **Anders** brief at 4. In order to demonstrate that counsel was ineffective a petitioner must show: "(1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. Where the petitioner fails to meet any aspect of this test, his claim fails." **Commonwealth v. Henkel**, 90 A.3d 16, 30 (Pa.Super. 2014) (*en banc*).

Further, we examine the record "in the light most favorable to the prevailing party at the PCRA level." **Id.** at 20. In conducting this review we

---

[5] Counsel initially failed to supply Appellant with a statement that he could proceed *pro se* or with privately hired counsel. **See Commonwealth v. Doty**, 48 A.3d 451 (Pa.Super. 2012). Accordingly, this Court issued an order on April 25, 2014, directing counsel to so notify Appellant and file a copy of that notification with this Court. Counsel complied, and Appellant has not filed a response to counsel's application to withdraw.

examine "the findings of the PCRA court and the evidence of record[.]" *Id.* In doing so, "we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record." *Id.* Accordingly, "we will not 'disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.'" *Id.* Of course, no deference is due to a PCRA court's legal conclusions, and "[w]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." *Id.*

Where the issue involves an attorney's failure to call a witness, the petitioner must prove: (i) the witness existed; (ii) the witness was available to testify; (iii) counsel knew of, or should have known of, the existence of the witness; (iv) the witness was willing to testify; and (v) the absence of the testimony was so prejudicial as to have denied the defendant a fair trial. ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1143 (Pa. 2011); ***Commonwealth v. Cox***, 983 A.2d 666, 692 (Pa. 2009).

Counsel sets forth that the record supports the PCRA court's determination that trial counsel acted reasonably in not proffering an alibi defense. Instantly, the PCRA court found that Mr. Steel was not credible in his testimony and that, by providing inaccurate information to trial counsel, it prevented her from using him as a witness. It also ruled that Mrs. McDonald's brother was not available to testify and that trial counsel

conducted an investigation into other potential alibi witnesses. That investigation did not reveal any helpful witnesses who were willing to testify. Here, the record amply supports the PCRA court's legal conclusions and factual findings. Since trial counsel had a reasonable basis for not presenting an alibi defense, Appellant's claim preserved below is without merit and he is not entitled to relief.

Order affirmed. Petition of Christopher P. Lyden, Esq. to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/13/2014