J-S13024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JARED HENKEL | |
| Appellant | No. 1022 WDA 2014 |

Appeal from the PCRA Order June 4, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0005481-2002
CP-02-CR-0005955-2002
CP-02-CR-0005956-2002

BEFORE:  BENDER, P.J.E., MUNDY, J., and STABILE, J.

JUDGMENT ORDER BY MUNDY, J.:                  **FILED APRIL 21, 2015**

Appellant, Jared Henkel, appeals from the June 4, 2014 order, dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On October 21, 2003, a jury convicted Appellant of two counts of kidnapping and one count each of second-degree murder, robbery, aggravated assault, and simple assault.[1]  On January 22, 2004, the trial court imposed an aggregate sentence of life imprisonment without the

_____

[1] 18 Pa.C.S.A. §§ 2901(a), 2502(b), 3701(a)(1), 2702(a)(1), and 2701(a)(1), respectively.

possibility of parole. On November 14, 2007, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied his petition for allowance of appeal on August 25, 2008. *Commonwealth v. Henkel*, 938 A.2d 433 (Pa. Super 2007), *appeal denied*, 955 A.2d 356 (Pa. 2008). Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court. As a result, his judgment of sentence became final on November 24, 2008. *See generally* 42 Pa.C.S.A. § 9545(b)(3); U.S. S. Ct. R. 13(1). Thereafter, Appellant filed his first, timely PCRA petition, which the PCRA court denied on February 17, 2012. On April 11, 2014, an *en banc* panel of this Court affirmed the denial of Appellant's PCRA petition, and our Supreme Court denied Appellant's petition for allowance of appeal on October 21, 2014. *Commonwealth v. Henkel*, 90 A.3d 16 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

Appellant filed the instant petition on May 7, 2014, which was during the pendency of the appeal period of his first PCRA petition. "[W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000). On May 8, 2014, Appellant filed his petition for allowance of appeal with our Supreme Court from this Court's April 11, 2014 decision affirming the denial of his first PCRA. Thus, on June 4, 2014,

at the time the PCRA court dismissed his second PCRA petition as untimely, Appellant's petition for allowance of appeal regarding his first PCRA petition was still pending with our Supreme Court.  Accordingly, the second PCRA petition was premature under **Lark**.  Therefore, the PCRA court correctly determined that it was prevented from addressing the merits of Appellant's second PCRA petition.[2]

Accordingly, we affirm the June 4, 2014 order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2015

_____

[2] To the extent that our analysis differs from the PCRA court's, we note that we may affirm the PCRA court on any legal basis supported by the record. **Commonwealth v. Doty**, 48 A.3d 451, 456 (Pa. Super. 2012).