J-S10035-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESSICA KUFROVICH | : | |
| | : | |
| Appellant | : | No. 1046 MDA 2020 |

Appeal from the Judgment of Sentence Entered August 10, 2020
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0002053-2016

BEFORE: MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED JUNE 09, 2021**

Jessica Kufrovich (Kufrovich) appeals from the judgment of sentence imposed by the Court of Common Pleas of Schuylkill County (trial court) following her conviction of Driving Under the Influence of a Controlled Substance (DUI), Driving While Operating Privilege is Suspended or Revoked (DUS)[1] and related summary traffic offenses. We affirm Kufrovich's convictions but vacate the judgment of sentence of incarceration for the DUS offense only. We affirm the judgment of sentence in all other respects.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(d)(2) and 1543(b)(1.1)(i).

**I.**

**A.**

The underlying facts are not in dispute. On July 14, 2016, at approximately 8:45 a.m., Captain David Stamets and Officer Joshua Pastucka of the Shenandoah Police Department responded to a report of a van hitting a road sign and attempting to flee. Captain Stamets effectuated a traffic stop of the van and spoke with the driver, Joseph Zendrosky (Zendrosky), who was Kufrovich's then-boyfriend.

The police officers heard an engine revving loudly in the distance and a Pontiac driven by Kufrovich quickly approached the scene. Kufrovich was driving at an excessive speed in the wrong lane of the roadway and she struck several potholes in her path. Kufrovich parked nearby in a no-parking zone and began screaming out of her car window at Zendrosky. Captain Stamets instructed Kufrovich to move her vehicle because she was blocking the roadway and she moved up a few feet to allow traffic to pass.

Officer Pastucka testified that Kufrovich "exited her vehicle [and] was acting in a very paranoid, agitated state." (N.T. Trial, 6/24/20, at 22). Kufrovich was "very talkative" and was "moving around quite a bit" with "exaggerated reflexes, moving her fingers, twitching [her] arms, very exaggerated muscle contractions." (*Id.*). When Kufrovich began to approach the police officers, Captain Stamets asked that she stay back in her vehicle. She complied and Officer Pastucka observed her "agitation, the paranoia,

pacing around, talkativeness" and "she appeared to be talking to herself." (*Id.* at 23).

Officer Pastucka observed that Kufrovich had bruising and what appeared to be fresh track marks from a syringe injection inside her right elbow joint. When he asked her about the marks, Kufrovich explained that she was recovering from an opiate addiction and that she had injected a "hot shot" of warm water for the sensation. (*Id.* at 26). Kufrovich's pupils were constricted and she remained paranoid and fixated on Zendrosky. A search of Kufrovich's identification and registration information indicated that her driver's license was suspended and had expired and that the Pontiac belonged to Zendrosky and its insurance had expired.

Officer Pastucka concluded that based on his observations and law enforcement experience and training, Kufrovich was likely under the influence of methamphetamine and heroin. He opined that her exaggerated reflexes, talkativeness, paranoia and agitation were consistent with methamphetamine use and that her constricted pupils indicated use of an opioid.

Captain Stamets likewise testified "it was very obvious that [Kufrovich] had exaggerated reflexes, like her arms were flailing around. Her mouth was very dry. She was talking very fast. She was very excited." (*Id.* at 53). Captain Stamets explained that he has been involved in training to identify signs of alcohol/drug use since 2014 and that he is an instructor for standardized field sobriety testing and is a drug recognition expert.

Kufrovich agreed to submit to field sobriety tests and her extremely accelerated movement and facial tremors indicated to Captain Stamets that she was under the influence of a stimulant. Kufrovich also had "a substantial amount of white powder" in her left nostril and she admitted that "she snorted methamphetamine that morning with her boyfriend." (*Id.* at 59-60; *see also id.* at 67). Kufrovich showed signs of impairment during several sobriety tests and Captain Stamets noted that she appeared to have both old and new injection marks on her arm. After Kufrovich failed the field sobriety tests, she refused to submit to a blood draw to test for DUI. Captain Stamets opined that based on his experience and training after observing Kufrovich's demeanor and erratic driving, she was under the influence of methamphetamine "which is exactly what she stated she used." (*Id.* at 68).

**B.**

On October 8, 2018, Kufrovich filed a motion pursuant to Pennsylvania Rule of Criminal Procedure 600 claiming that the Commonwealth had violated her speedy trial rights. *See* Pa.R.Crim.P. 600. After a hearing, the trial court entered an opinion and order denying the motion.

On June 24, 2020, a jury found Kufrovich guilty of DUI and the trial court found her guilty of DUS and the remaining summary traffic offenses. On August 10, 2020, the trial court sentenced Kufrovich to a term of not less than one nor more than five years' incarceration for the DUI conviction, and a concurrent term of 90 days' incarceration and a fine of $1,000.00 for the DUS

offense.[2]  Kufrovich timely appealed and she and the trial court complied with Rule 1925.  *See* Pa.R.A.P. 1925(a)-(b).

## II.

## A.

Kufrovich first argues that the trial court erred in failing to dismiss the charges against her pursuant to Rule 600.[3]  Kufrovich maintains that she was

_____

[2] The relevant DUS provision provides disjunctive bases for criminal liability and reads as follows:

> A person who has an amount of alcohol by weight in his blood that is equal to or greater than .02% at the time of testing **or** who at the time of testing has in his blood any amount of a Schedule I or nonprescribed Schedule II or III controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or its metabolite **or** who refuses testing of blood or breath and who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 or former section 3731 or because of a violation of section 1547(b)(1) or 3802 or former section 3731 or is suspended under section 1581 for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon a first conviction, be guilty of a summary offense and **shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days**.

75 Pa.C.S. § 1543(b)(1.1)(i)(emphases added).

[3] We review a trial court's Rule 600 determination for an abuse of discretion. ***See Commonwealth v. Morgan***, 239 A.3d 1132, 1137 (Pa. Super. 2020). Our scope of review is limited to the record evidence from the speedy trial hearing and the findings of the trial court, viewed in the light most favorable to the prevailing party.  ***See id.***

incarcerated in Schuylkill County jail during the relevant time period and that the Commonwealth offered no justifiable reason for failing to timely bring her to trial.

Generally, under Rule 600, the Commonwealth must bring a defendant to trial within 365 days of the filing of the criminal complaint. **See** Pa.R.Crim.P. 600(A)(2)(a). Rule 600 protects a defendant's speedy trial rights as well as society's right to effective prosecution of criminal cases. **See** **Morgan**, **supra** at 1137. To balance these rights, Rule 600 requires the court to consider whether the Commonwealth exercised due diligence and whether the circumstances causing the delay of trial were beyond the Commonwealth's control. **See id**.

For purposes of computing time under Rule 600, periods of delay at any stage of the proceedings that are attributable to the Commonwealth's failure to exercise due diligence are included in the computation of time within which trial must commence. **See** Pa.R.Crim.P. 600(C)(1). However, any other periods of delay are excluded. **See id.** "Stated in the most general terms, when the Commonwealth causes delay, the Rule 600 clock continues to tick; when the defendant causes the delay, the clock stops." **Morgan**, **supra** at 1137 (citation omitted).

In this case, the criminal complaint was filed against Kufrovich on September 7, 2016, requiring the Commonwealth to bring her to trial by September 7, 2017, if excludable time is not taken into account. Kufrovich's

trial was held on June 24, 2020, nearly three years after expiration of the "mechanical" run date under Rule 600.

However, the trial court's calculation of Kufrovich's adjusted Rule 600 run date, which is supported by the record, took into consideration Kufrovich's failure to appear for a pre-trial conference on May 26, 2017, resulting in a bench warrant issued for her arrest. (*See* Trial Court Opinion, 12/19/18, at 1). Kufrovich was not arrested pursuant to that warrant until August 1, 2018.

Kufrovich explained that during that time period, she voluntarily went to three different rehabilitation facilities and half-way houses. (*See* N.T. Rule 600 Hearing, 11/08/18, at 3-4, 9, 15). Kufrovich was under supervision for a different DUI case at that time and she informed her probation officer of her residences. However, Kufrovich conceded that she did not notify the District Attorney's Office or the Clerk of Courts' Office of her whereabouts for this case. (*See id.* at 10-11, 15). Kufrovich's probation officer was not called to testify at the hearing and there is no evidence that he was ever aware that this case was pending.

The trial court explained its rationale for denying the Rule 600 motion as follows:

> [Kufrovich] failed to appear on May 26, 2017 and was not apprehended until August 1, 2018, 453 days later. If all that time is excluded, the Commonwealth had until December 4, 2018 to bring [Kufrovich] to trial. . . .
>
> [Kufrovich] filed her motion to dismiss on October 8, 2018. At that time, she had already been attached for trial during the October Term of Court, which would have been prior to the

adjusted run date. The filing of her motion prevented her case from going to trial in October. The Commonwealth acted diligently in opposing her motion. Therefore, the time necessary to hear and dispose of her motion is excludable time.

(Trial Ct. Op., 12/19/18, at 3-4).

Accordingly, because the delay in bringing Kufrovich to trial was caused by her own failure to inform the offices of the District Attorney and Clerk of Courts of her multiple changes in residence and by her filing and litigation of the Rule 600 motion, the trial court did not abuse its discretion in finding that Kufrovich's right to a speedy trial was not violated.

**B.**

Kufrovich next challenges the sufficiency of the evidence supporting her DUI conviction.[4] Kufrovich acknowledges that the testimony of an expert

---

[4] A challenge to the sufficiency of the evidence presents a question of law and is subject to plenary review.

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

> The factfinder is free to believe all, part, or none of the evidence presented.

*Commonwealth v. Vela-Garrett*, 2021 WL 1586404 at *2 (Pa. Super. filed Apr. 23, 2021) (citations omitted).

witness is not mandatory to establish impairment but argues that evidence of her impairment and inability to drive safely is lacking in this case. Kufrovich contends that her driving during the incident was not erratic and she characterizes the police officers' testimony regarding her drug use as conjecture where there were no test results to corroborate their assertions.

As noted, Kufrovich was convicted of driving under the influence of a drug or combination of drugs to a degree that impaired her ability to safely drive. *See* 75 Pa.C.S. § 3802(d)(2). In *Commonwealth v. Griffith*, 32 A.3d 1231 (Pa. 2011), our Supreme Court determined that expert testimony is not required to establish that the defendant's inability to drive safely was caused by ingestion of a drug. *See id.* at 1238. The Court recognized that although such testimony may be helpful or possibly necessary to establish causation under some circumstances, it is not a mandatory in all cases. *See id.*

The trial court rejected Kufrovich's sufficiency claim because the evidence clearly established her subsection 3802(d)(2) violation finding:

> . . . The Commonwealth presented the credible testimony of two officers who were present during the incident. They testified as to [Kufrovich's] body tremors, [her] accelerated rate of speech, and how [she] sped towards the stop in which the officers were engaged in. Officer Stamets testified as to [Kufrovich's] failure to complete the field sobriety tests in a satisfactory manner and how [she] refused to take a blood test. [He] further testified that [Kufrovich] admitted to him she snorted [methamphetamine] that morning and he observed signs of a stimulant, as well as white powder on her nose.

(Trial Ct. Op., 9/18/20, at 4).

We agree with the trial court that the evidence presented at trial was sufficient to establish Kufrovich was under the influence of a drug or combination of drugs to a degree that impaired her ability to safely drive. Two experienced police officers closely observed her behavior, demeanor, unsteadiness and inability to perform field sobriety tests, all of which led them to request that she submit to a blood draw. The police officers testified consistently with one another that based on their training and experience, they believed that Kufrovich was under the influence of methamphetamine. Kufrovich also had a white substance in her nostril and she admitted to snorting methamphetamine on the morning of the incident. Although the Commonwealth was unable to corroborate the police officers' observations and Kufrovich's own admission with test results because she refused to submit to a blood draw, the evidence of her impairment was nevertheless substantial and sufficient to support her DUI conviction.

**C.**

Kufrovich next contends the Commonwealth failed to establish that she drove with a blood alcohol content (BAC) of at least 0.02 percent or under the influence of a controlled substance, as it relates to her DUS conviction.[5] Kufrovich argues that because the police officers failed to secure a search

_____

[5] Kufrovich's argument is inartfully framed and the trial court appropriately interpreted it as a sufficiency of the evidence claim, as she challenges the elements of DUS.

warrant to obtain a blood draw, there is no evidence demonstrating the required minimum BAC or that she had ingested drugs. However, her contention ignores that a specific blood alcohol concentration is not needed for the Commonwealth to obtain a DUS conviction.

The relevant subsection of the DUS statute, 1543(b)(1.1), provides for "a fine of $1,000 and a ninety-day minimum term of imprisonment, applicable when the motorist drove with a DUI-related suspended license and has a blood alcohol concentration of at least .02%, **or any amount of a controlled substance** in his blood, or refuses testing of blood or breath." *Commonwealth v. Eid*, 2021 WL 1683279, at *3 (Pa. filed Apr. 29, 2021) (emphasis added).

Here, it is plain from the record that Kufrovich drove with some amount of a controlled substance in her blood where two experienced police officers testified to the obvious signs of her drug use and she freely admitted to snorting methamphetamine that morning. Because such evidence was sufficient, we affirm Kufrovich's DUS conviction.[6]

_____

[6] The trial court appears to have based its decision on the language of the DUS statute providing that the Commonwealth is not required to prove a BAC of at least 0.02 percent where a defendant refused blood or breath testing. (**See** Trial Ct. Op., 9/18/20, at 5). Although our rationale differs from the trial court, we may affirm the conviction on any basis. **See Commonwealth v. Doty**, 48 A.3d 451, 456 (Pa. Super. 2012).

We further note that our Supreme Court has stated, in light of the United States Supreme Court's holding in **Birchfield v. North Dakota**,136 S.Ct.
*(Footnote Continued Next Page)*

**D.**

Finally, because this issue is apparent from the record, we will *sua sponte* address the legality of Kufrovich's sentence for the DUS conviction. *See Commonwealth v. Derrickson*, 242 A.3d 667, 673 (Pa. Super. 2020) ("The legality of a criminal sentence is non-waivable, and this Court may raise and review an illegal sentence *sua sponte.*").[7]

As noted, Kufrovich was sentenced in accordance with the DUS statute to a term of 90 days' incarceration and a fine of $1,000.00. In *Eid*, *supra*, our Supreme Court considered the constitutionality of this sentencing provision:

> In order to afford sufficient notice for due process purposes, a sentencing statute must specify the range of available sentences with sufficient clarity. . . . We hold that the absence of a maximum term renders the pertinent DUS sentencing provision unconstitutionally vague and inoperable for the time being. We leave it to the General Assembly to remedy this impediment, if it so chooses, either by amending the statute to provide for a maximum term of imprisonment or by expressly permitting flat sentencing within a range not to exceed that maximum sentence.

_____

2160 (2016), that a defendant's conviction "pursuant to 75 Pa.C.S. § 1543(b)(1.1)(i) would be unlawful to the extent that his punishment was predicated solely upon his refusal to consent to a warrantless blood test." *Eid*, *supra* at *4. The Court cited *Birchfield*, which distinguished blood draws from breath tests as more invasive and held: "Because breath tests are significantly less intrusive than blood tests . . . a breath test, but not a blood test, may be administered as a search incident to a lawful arrest for drunk driving." *Birchfield*, *supra* at 2185. We, therefore, do not rely on Kufrovich's refusal to submit to a blood test alone to affirm her DUS conviction.

[7] Because the legality of a sentence raises a question of a law, our scope of review is plenary and our standard of review is *de novo.* *See id*.

*Id.* at \*10 (citations omitted). The Court upheld the defendant's DUS conviction and the imposition of a $1,000.00 fine for the DUS violation but vacated the incarceration portion of his sentence for that offense. ***See id.***

Because the 90-day incarceration provision of Kufrovich's sentence for the DUS offense is illegal, we vacate that portion of her sentence only. We affirm her convictions and the judgement of sentence in all other respects, including the $1,000.00 fine for the DUS violation. Because we are able to vacate the DUS sentence of imprisonment without disturbing the overall sentencing scheme, as the 90-day term was to run concurrently with the DUI sentence, we need not remand. ***See Commonwealth v. Thur***, 906 A.2d 552, 569, *appeal denied*, 946 A.2d 687 (Pa. 2008).

Convictions affirmed. Judgment of sentence vacated as to the term of incarceration for the DUS offense only. Judgement of sentence affirmed in all other respects. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2021