J-A11036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DEREK MICHAEL TURNER | : | |
| | : | |
| Appellant | : | No. 780 WDA 2020 |

Appeal from the Judgment of Sentence Entered January 15, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0002831-2019

BEFORE:  McLAUGHLIN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED: JUNE 24, 2021**

Derek Michael Turner (Appellant) appeals from the judgment of sentenced entered in the Allegheny Court of Common Pleas following his non-jury convictions of one count each of possession with intent to deliver a controlled substance[1] (PWID), tampering with evidence, possession of a small amount of marijuana, and possession of drug paraphernalia,[2] and two counts of possession of a controlled substance.[3]  Appellant challenges the denial of his suppression motion after a vehicle stop for the smell of marijuana.  For the following reasons, we affirm.

_____

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 4910(1); 35 P.S. § 780-113(a)(31), (32).

[3] 35 P.S. § 780-113(a)(16).

The trial court summarized the facts of the underlying case as follows:

On September 28, 2018, Officer Joseph White of the Moon Township Police Department was on patrol. As he passed a vehicle stopped on the side of the road, he smelled the odor of burnt marijuana. Officer White believed he was within two feet of the vehicle as he passed. Officer White testified that he was able to determine that the odor he smelled was burnt [marijuana] because of his training and experience. [Officer White] backed his vehicle behind the [suspect] vehicle and exited his vehicle. He approached the driver's side of the vehicle. The window was down and he made contact with [Appellant]. The engine was not running but the keys were in the ignition. Officer White observed what appeared to be tobacco on the floor of the vehicle[4] and he informed [Appellant] that he could smell marijuana. [Appellant] confirmed that he had marijuana and provided it to Officer White. [Appellant] appeared nervous. A back-up officer arrived on scene and [Appellant] was removed from the vehicle. Upon a search incident to arrest, [ ] additional narcotics were recovered. [Appellant] was arrested.

Trial Ct. Op. at 1-2.

On October 18, 2019, Appellant filed a motion to suppress the evidence found during the vehicle stop. The trial court conducted an evidentiary hearing on October 21, 2019. Officer White testified as follows. On September 28, 2018, Officer White was "patrolling" when he had his windows "cracked" and passed a vehicle that was parked half on the sidewalk and half in the roadway. N.T. at 9. Officer White smelled a "strong odor of [burning]

_____

[4] Though the trial court stated Officer White saw "shake" on the ground **inside the vehicle**, Trial Ct. Op. 11/30/20, at 2, Officer White testified the substance was "[j]ust **outside** the driver's door **on the ground**." N.T. Suppression H'rg & Non-Jury Trial, 10/21/19, at 19 (emphases added). Officer White explained that "shake" is "[l]oose tobacco that has been removed from a cigarillo, which is a common piece used for smoking marijuana." *Id.* at 25.

marijuana coming from that area[.]" *Id.* at 9-10. Officer White backed his vehicle up, did not activate his emergency lights and "initiated a mere encounter" with Appellant. *Id.* at 10. Upon approaching the vehicle, Officer White observed "loose tobacco on the ground[,]" which is "commonly associated with marijuana usage[.]" *Id.* Officer White informed Appellant he smelled marijuana. *Id.* at 12. Appellant "indicated that he was in possession of [marijuana], and handed [Officer White] a sandwich bag containing marijuana." *Id.* Officer White "never asked and [Appellant] never stated" if Appellant had a prescription or if the marijuana was medical. *Id.* at 23-24. As Officer White waited for backup officers, Appellant's chest was "rapidly rising and falling, [and] he appeared nervous and fidgety." *Id.* at 12.

When backup arrived, Officer White performed a search incident to arrest. N.T. at 13. Officer White found on Appellant's person what he believed "through [his] training and experience to be a bundle of heroin." *Id.* After further searching, Officer White "recovered what is commonly referred to as a brick absent two bundles. In total [he] recovered three bundles of heroin." *Id.* Appellant then informed Officer White he "swallowed approximately eight stamp bags in an [ ] effort to hide them." *Id.* at 14. Officer White called for a medic and while in the ambulance, Appellant stated "Man, I need to stop selling drugs. I'm going to do time for this one." *Id.* at 15.

At the suppression hearing, the trial court determined that Officer White "conducted an investigation[ ]" for which he had reasonable suspicion. N.T. at 34-35. The trial court found that after Appellant handed Officer White the

- 3 -

marijuana, there was "probable cause to arrest [Appellant] and to conduct a search of the vehicle" and denied Appellant's motion. *Id.* at 36.

On the same day of the suppression hearing, this case proceeded immediately to a non-jury trial. The trial court found Appellant guilty of two counts of possession of a controlled substance, and one count each of PWID, tampering with evidence, possession of a small amount of marijuana, and possession of drug paraphernalia.

The trial court sentenced Appellant on January 15, 2020, to 18 to 48 months' incarceration for PWID, a consecutive term of 6 to 12 months incarceration for tampering with evidence, and no further penalty on the remaining convictions.

Appellant filed a *pro se* notice of appeal on January 17, 2020. On January 27, 2020, counsel for Appellant filed a post-sentence motion, and subsequently a petition to withdraw from representation. The court permitted counsel to withdraw, and then appointed the public defender's office on June 23, 2020. The trial court denied Appellant's post-sentence motion on July 28, 2020. Appellant filed a counseled notice of appeal on July 29, 2020.[5]

_____

[5] A notice of appeal must be filed within 30 days of the entry of the order appealed. **See** Pa.R.A.P. 903(a); **Commonwealth v. Moir**, 766 A.2d 1253 (Pa. Super. 2000). If the defendant files a timely post-sentence motion, the notice of appeal shall be filed within 30 days of the entry of the order deciding the motion. **See** Pa.R.Crim.P. 720(A)(2)(a). A trial court has 120 days to decide a post-sentence motion, and if it fails to decide the motion within that period, the motion is deemed denied by operation of law. **See** Pa.R.Crim.P. 720(B)(3)(a). When the motion is deemed denied by operation of law, the

Appellant timely complied with the trial court's order to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises one issue on appeal:

> Under both the Fourth Amendment of the U.S. Constitution and Article I, Section 8 of the Pennsylvania Constitution, an investigative stop without the requisite reasonable suspicion of criminal activity is violative of a citizen's right to be free from unconstitutional searches and seizures. Thus, should not the seizure in this case, which involves a vehicle stop based solely on the officer smelling the odor of marijuana coming from a parked car, be deemed unconstitutional and the evidence derived from that stop suppressed, based upon ***Commonwealth v. Barr***, 240 A.3d 1263 (Pa. Super. 2020)?

Appellant's Brief at 6.

In his sole issue on appeal, Appellant asserts the trial court erred in denying his suppression motion. He states that prior to his seizure by Officer White, he committed no traffic violations, the stop was not in a "high crime area," and the police were not responding to a complaint. Appellant's Brief at

---

clerk of courts shall enter an order deeming the motion denied on behalf of the trial court and serve copies on the parties. ***See*** Pa.R.Crim.P. 720(B)(3)(c). The notice of appeal shall be filed within 30 days of the entry of the order denying the motion by operation of law. ***See*** Pa.R.Crim.P. 720(A)(2)(b).

Here, the 120-day period for decision on Appellant's post-sentence motion expired on July 16, 2020. However, the clerk of courts did not enter an order deeming the motion denied. Instead, the trial court ruled on the motion on July 28, 2020, outside the 120-day period, and Appellant appealed within 30 days of that order. This Court has held that a court breakdown occurs when the trial court clerk fails to enter an order deeming post-sentence motions denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(c). ***See Commonwealth v. Patterson***, 940 A.2d 493, 498-99 (Pa. Super. 2007). Accordingly, we deem the appeal was timely filed and proceed to consider Appellant's issues.

12. Appellant argues that his seizure was "based solely on the officer smelling the odor of marijuana coming from a parked car," and thus the stop was "unconstitutional and the evidence derived from that stop must be suppressed[.]" *Id.* Appellant contends there was no search warrant and despite Officer White's testimony that he "initiated a mere encounter" with Appellant, Officer White did not "have the training or experience to properly arrive at that purely legal conclusion." *Id.* at 13. Appellant maintains that Officer White did not have reasonable suspicion to perform an investigative stop or "articulable suspicion of criminal activity." *Id.* at 16-17. Appellant contends that since "there were no other factors in support of a finding of criminal activity besides the smell coming from [Appellant's] car[,]" Officer White did not have reasonable suspicion and thus, the stop was unconstitutional. *Id.* at 20-21.

Appellant insists that when Officer White "called for back-up, positioned the car behind [Appellant's], got out of the car, and walked to the front driver's side window to engage [Appellant] inside his car[,]" that "[n]o reasonable person would have felt free to leave" and Appellant was seized. Appellant's Brief at 14-15. Appellant states "whenever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person." *Id.* at 15 *citing* **Commonwealth v. Adams**, 205 A.3d 1195, 1200 (Pa. 2019), *cert. denied*, 140 S. Ct. 2703 (2020). Appellant contends "a vehicle stop constitutes a seizure[ ]" and when a police officer orders an individual to stop or "physically restrain[s]" them, "obviously a 'stop' occurs." *Id.* at 14-15

- 6 -

*citing* **Commonwealth v. Chase**, 960 A.2d 108, 112-13 (Pa. 2008);

**Commonwealth v. Jones**, 378 A.2d 835, 839 (Pa. 1977). We conclude no

relief is due.

Preliminarily, we note when our appellate courts review suppression

decisions, the trial court's factual findings are binding to the extent they are

supported by the record, and its legal conclusions are reviewed de novo.

**Adams**, 205 A.3d at 1199.

> To determine whether a citizen has been subject to an
> unreasonable seizure in violation of the Fourth Amendment, we
> analyze three categories of interactions between citizens and the
> police:
>
>> The first of these is a "mere encounter" (or request for
>> information) which need not be supported by any level of
>> suspicion, but carries no official compulsion to stop or to
>> respond. The second, an "investigative detention" must be
>> supported by a reasonable suspicion; it subjects a suspect
>> to a stop and a period of detention, but does not involve
>> such coercive conditions as to constitute the functional
>> equivalent of an arrest. Finally, an arrest or "custodial
>> detention" must be supported by probable cause.
>
> [The Pennsylvania Supreme Court] and the United States
> Supreme Court have consistently held that officers do not violate
> the Fourth Amendment by merely approaching an individual in a
> public place and asking the individual questions or requesting
> identification.

**Commonwealth v. Barnes**, 121 A.3d 956, 961-62 (Pa. 2015) (citations

omitted).

> In distinguishing a mere encounter from an investigative
> detention, the suppression court must evaluate whether
> "consider[ing] all the circumstances surrounding the encounter to
> determine whether the police conduct would have communicated
> to a reasonable person that the person was not free to decline the

officers' request or otherwise terminate the encounter." "In making this determination, courts must apply the totality-of-the-circumstances approach, with no single factor dictating the ultimate conclusion as to whether a seizure has occurred."

*Id.* at 962 (citations omitted).

The trial court determined Officer White conducted an investigative stop for which he had reasonable suspicion. Trial Ct. Op. at 5. After careful review of the record, we disagree. A mere encounter becomes an investigative stop when a reasonable person would not feel free to leave or "terminate the encounter." *Barnes*, 121 A.3d at 962. Here, Officer White did not activate his emergency lights[6] and no evidence was presented suggesting he ordered Appellant not to leave before Appellant produced the marijuana. N.T. at 10. Officer White was "merely approaching [Appellant] in a public place and asking [him] questions." *See Barnes*, 121 A.3d at 962. Officer White made a "request for information" in approaching Appellant's parked car and "notifying [Appellant] that [he] smelled the odor of marijuana[.]" N.T. at 12; *see Barnes*, 121 A.3d at 961. Appellant was under no obligation to engage with Officer White at this point in their encounter. Appellant willfully "indicated that he was in possession of [marijuana], and he handed [Officer White] a sandwich bag containing marijuana." N.T. at 12. Based on the totality of the

---

[6] Appellant states Officer White did "activate[ ] his flashing lights." Appellant's Brief at 15. However, there was no evidence offered at the suppression hearing challenging Officer White's testimony that his lights were not on. *See* N.T. at 10.

circumstances, we conclude Officer White initiated a mere encounter with Appellant, which required no level of suspicion.[7] **See Barnes**, 121 A.3d at 962. Thus, we need not address whether Officer White had reasonable suspicion to investigate, as there was no detention. **See Barnes**, 121 A.3d at 962; **see also Commonwealth v. Doty**, 48 A.3d 451, 456 (Pa. Super. 2012) (stating "[this Court is] not bound by the rationale of the trial court, and may affirm on any basis") (citation omitted).

Further, we conclude any evidence found after Officer White lawfully arrested Appellant was legally seized. After Officer White initiated this mere encounter, Appellant was "relatively cooperative" and "indicated that he was in possession of [marijuana]," and gave Officer White a bag of marijuana. N.T. at 12, 19. At this point, Officer White had probable cause to arrest Appellant. **See Commonwealth v. Speaks**, 505 A.3d 310, 315 (Pa. Super. 1986) (stating police had probable cause to arrest when the defendant "told the officers where the marijuana was located and led the officers to the marijuana"). After establishing probable cause for arrest, Officer White performed a legal search incident to arrest where he found "[i]n total. . . three bundles of heroin." N.T. at 13; **see Commonwealth v. Thompson**, 778 A.2d

---

[7] If we were to find the encounter was an investigatory detention-as the trial court found- we would conclude-as did the trial court- that Officer White possessed reasonable suspicion of criminal activity such to authorize an investigatory detention because of the strong smell of burnt marijuana coupled with the officer's observation of "shake" on the ground outside of the vehicle. **See** N.T. at 34-35.

1215, 1222 (Pa. Super 2001) (stating as long as probable cause to arrest existed at the time of the search, the officer "was permitted to search [a]ppellant pursuant to a lawful arrest") (citation omitted).

Because Officer White initiated a mere encounter in his "request for information[,]" we reject Appellant's argument that the officer lacked reasonable suspicion. **See Barnes**, 121 A.3d at 961. Accordingly, we conclude no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2021