J-S10041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAMRAN SALEEM | : | |
| | : | |
| Appellant | : | No. 1527 MDA 2024 |

Appeal from the PCRA Order Entered September 4, 2024
In the Court of Common Pleas of Adams County
Criminal Division at No(s):  CP-01-CR-0000698-2020

BEFORE:  BOWES, J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED JUNE 04, 2025**

Kamran Saleem ("Saleem") appeals from the dismissal of his petition pursuant to the Post Conviction Relief Act ("PCRA").[1]  PCRA counsel, Brandy G. Hoke, Esquire ("PCRA counsel") has filed a petition to withdraw and a "no-merit" brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  We affirm and grant PCRA counsel's petition to withdraw.

Saleem was arrested in June 2020 and charged with criminal use of a communications facility, and multiple counts of possession of child pornography and dissemination of child pornography.  In March 2021, a jury convicted him of one count of each of the charged offenses. In May 2021, the court imposed an aggregate sentence of thirty to sixty months of imprisonment, followed by three years of probation.  Saleem was classified as

---

[1] **See** 42 Pa.C.S.A. § 9541-6546.

a Tier 1 SORNA offender and required to register for 15 years. Trial counsel withdrew and the Adams County Public Defenders represented Saleem on appeal.

This Court affirmed Saleem's judgment of sentence. **See Commonwealth v. Saleem**, 277 A.3d 1140 (Pa. Super. 2022) (unpublished memorandum). The Pennsylvania Supreme Court denied allowance of appeal in December 2022. **See Commonwealth v. Saleem**, 289 A.3d 521 (Pa. 2022).

In August 2023, Saleem filed a *pro se* PCRA petition. Following the issuance of a notice to dismiss and the filing of an amended PCRA petition, the PCRA court appointed PCRA counsel to represent Saleem. In January 2024, PCRA counsel filed an amended PCRA petition asserting Subchapter H of SORNA is unconstitutional. All parties recognized the issue was currently before the Pennsylvania Supreme Court in **Commonwealth v. Torsilieri**, 97 MAP 2022, which would control Saleem's challenges to the constitutionality of Subchapter H. The court accordingly ordered that no PCRA hearing be held before the Supreme Court's ruling.

On May 31, 2024, the Supreme Court issued **Commonwealth v. Torsilieri**, 316 A.3d 77 (Pa. 2024) ("**Torsilieri II**"). The Court found Torsilieri "failed to meet his burden to establish that Subchapter H's irrebuttable presumption, that sex offenders pose a high risk of re-offense, is constitutionally infirm." **Id**. at 110. The Court likewise determined Torsilieri

- 2 -

did not "meet his burden in demonstrating that Subchapter H constitutes criminal punishment." ***Id***.

In September 2024, the PCRA court dismissed Saleem's petition without a hearing. Saleem timely appealed. PCRA counsel and the PCRA court complied with Pa.R.A.P. 1925.

PCRA counsel has filed a ***Turner/Finley*** brief asserting Saleem's claim is meritless.[2] As noted, PCRA counsel has filed a petition to withdraw. In a PCRA matter, an application to withdraw as counsel must comply with the ***Turner***/***Finley*** requirements:

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under ***Turner*** and ***Finley***[ ] and must review the case zealously. ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no[-]merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012) (citation and brackets omitted). If this Court determines counsel has satisfied these

---

[2] By order dated March 24, 2025, we directed PCRA counsel to file an amended petition to withdraw that notified Saleem of his appellate rights, and granted Saleem thirty days from the receipt of PCRA counsel's amended petition to file a response. ***See*** Order, 3/24/25. PCRA counsel filed an application to withdraw with a certificate of service on Saleem on March 28, 2025. More than 45 days have now passed without a response from Saleem.

technical requirements, we then conduct our own review of the case and if we agree the claims are without merit, we will permit counsel to withdraw and deny relief. *See id*.

Here, PCRA counsel has satisfied the above procedural requirements. Counsel avers that she examined the record, sets forth the factual and procedural history of the case, lists the issue Saleem wished to have reviewed, concludes that the present appeal is without merit, and explains the reasons for her conclusions. *See Turner/Finley* Brief at 6-9. PCRA counsel has also attached to her brief a notification advising Saleem of her conclusions, her intent to withdraw, and Saleem's right to proceed *pro se* or with new counsel. *See Turner/Finley* Brief at 9-10. PCRA counsel's petition and letter indicate she attached copies of her no-merit letter and petition to withdraw. *See id*. Thus, we proceed to conduct an independent review of the record to determine if the appeal lacks merit.

In her *Turner/Finley* Brief, PCRA counsel raises a single issue for our review:

> Whether the [PCRA] court erred and/or abused its discretion in dismissing [Saleem's] Amended PCRA [p]etition on the basis of *Commonwealth v. Torsilieri*, 97 MAP 2022 (Pa. 2024?)

*Turner/Finley* Brief at 6.

As noted above, in *Torsilieri II*, our Supreme Court plainly stated the irrebuttable presumption that adult sex offenders pose a high risk of reoffending does not violate due process, and SORNA's Revised Subchapter H

registration requirements are not punitive in nature and do not constitute cruel and unusual punishment. **See id**. at 99-100, 103-110. Because our Supreme Court's analysis in **Torsilieri II** is dispositive of the issue Saleem raises, we discern no error on the part of the PCRA court in denying PCRA relief.

Accordingly, we affirm the denial of Saleem's PCRA petition and grant PCRA counsel's motion to withdraw.

Order affirmed. Motion to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/04/2025